JIRI HORAK *v.* STATE OF CONNECTICUT ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

*(One judge dissenting)*

Argued March 10—decision released July 6, 1976

*Jiri Horak,* pro se, the appellant (plaintiff).

*Victor Feingold,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellees (defendants).

LOISELLE, J.  The plaintiff brought an action for money damages against the state of Connecticut and Joseph B. Burns, commissioner of transportation.  The plaintiff has appealed from a judgment erasing the action from the docket for lack of jurisdiction.

The complaint alleges that on January 3, 1969, the plaintiff purchased land in Old Saybrook for construction of a building so that he could expand and promote his engineering and manufacturing business.  On February 14, 1969, he engaged a building contractor, and on May 8, 1969, he obtained a building permit.  The building and project that had been contemplated would have cost $120,000.  On May 29, 1969, he obtained a construction mortgage loan of $32,000.

The complaint further alleges that, beginning in June, 1969, and on numerous occasions thereafter until May 23, 1972, employees of the defendants notified the plaintiff by letters that his land in Old Saybrook was being condemned by eminent domain and that it was to be taken for construction of a state highway.  He was further notified by the defendants to refrain from and discontinue the construction of the building.

The complaint goes on to allege that on May 23, 1972, the deputy commissioner of transportation sent a letter to the plaintiff which stated in part that the property could not be acquired until a public hearing was held and that property acquisitions for the highway were scheduled to begin in

1973 and 1974.[1] The property was eventually taken. Four years elapsed from the time of the initial notice, June, 1969, to the time of "actual taking."

The plaintiff alleges that during that four-year period, as a result of the defendants' notifications and delays in actually taking the property, he was denied and deprived of the common, reasonable and necessary use and enjoyment of his property, that his rights of ownership were interrupted, that he was restrained from continuing the use of his land in that he refrained from and ceased construction of the building and was denied the mortgage after it was committed to him, and that he was denied and deprived of his right to carry on and expand his business. He claims damages for his being prevented from constructing the building. He further claims special damages for loss of profit, interest

---

[1] "May 23, 1972

Mr. Jerry Horak
ABEX Engineering & Manufacturing Company
432 Hammock Point
Clinton, Connecticut 06413

    Re:   Project 105-131-1
          Old Saybrook, Routes 154 & 1
          Property Inquiry

Dear Mr. Horak:

Your May 15, 1972 letter requesting answers to specific questions regarding your property in Old Saybrook as affected by the subject project has been referred to me for reply.

On May 8, 1972 we received communication from Attorney Benjamin M. Chapnick, stating that he represents you in connection with this project. I am sending a copy of this letter to him for his records.

The Department of Transportation has no jurisdiction concerning the use of your property. As expressed to you in previous correspondence the Department cannot acquire properties until after the public hearing. We can only begin an orderly acquisition program after the results of the hearing have been evaluated and approved.

We have never interfered with your plans for the property in question. It is true that at one time we contemplated acquisition of

on the mortgage loan of $7681.31, real estate taxes of $1339.17, an inspector's fee of $47, $300 for a survey, $435 for upkeep of the land and $445 for attorneys' fees.

The defendants filed a motion to erase in which they set up the doctrine of sovereign immunity as a bar to the jurisdiction of the court. The court granted the motion and erased the action from the docket.

A motion to erase a case from the docket will be granted only when the face of the record indicates that the court is without jurisdiction. *Karp v. Urban Redevelopment Commission,* 162 Conn. 525, 526, 294 A.2d 633; *Perrys, Inc.* v. *Waterbury Redevelopment Agency,* 157 Conn. 122, 123–24, 249 A.2d 256. The state is immune from suit unless the state, by legislation, consents to be sued. *Baker* v. *Ives,* 162 Conn. 295, 298, 294 A.2d 290. In the present case, there is no statutory authority alleged for the plaintiff's action. The court, however, would

your property through the advanced acquisition process. At that time it was determined that it was not in the best interest of all to pursue this course of action. However, we have requested a reevaluation of that decision. Should there be any change in the status you will be contacted immediately.

The survey needed to conduct studies and prepare a preliminary design has neared completion, therefore, our Chief of Location Surveys has agreed to have all survey markers removed from your property as you requested.

The Department is continuing with their plans to replace the Route U.S. 1 and Conn. Route 154 highway bridge over the railroad. The public hearing is tentatively scheduled to be held later this year. Property acquisitions are scheduled to begin in the winter of 1973 and 1974.

At this time we are unable to determine the exact timing because of the many approvals required which are beyond our control.

Very truly yours,
s/ E. J. Mickiewicz
Deputy Transportation Commissioner
Bureau of Administration"

have jurisdiction to determine the plaintiff's remedy if there was a taking of property in the constitutional sense and if there were no adequate statutory procedures to assure just compensation. *Laurel, Inc.* v. *State,* 169 Conn. 195, 205, 362 A.2d 1383; *Karp* v. *Urban Redevelopment Commission,* supra, 529. The issue in this appeal is whether the plaintiff has alleged a taking that is distinct from the "actual taking" that took place four years after the initial notice. "The word 'taken' as used in the fifth amendment to the constitution of the United States and article first, § 11, of the Connecticut constitution 'means generally the exclusion of the owner from his private use and possession, and the assumption of the use and possession for the public purpose by the authority exercising the right of eminent domain.' *Bishop* v. *New Haven,* 82 Conn. 51, 58, 72 A. 646." *Carl Roessler, Inc.* v. *Ives,* 156 Conn. 131, 140, 239 A.2d 538. Although a "taking" may be complete without an actual, physical appropriation of property as discussed in such cases as *Laurel, Inc.* v. *State,* supra, and *Stock* v. *Cox,* 125 Conn. 405, 419, 6 A.2d 346, there is no taking in a constitutional sense unless the property cannot be utilized for any reasonable and proper purpose; *Laurel, Inc.* v. *State,* supra; *Vartelas* v. *Water Resources Commission,* 146 Conn. 650, 153 A.2d 822; as where the economic utilization of the land is, for all practical purposes, destroyed. See *Dooley* v. *Town Plan & Zoning Commission,* 151 Conn. 304, 197 A.2d 770.

The complaint, to survive the defense of sovereign immunity, must allege sufficient facts to support a finding of a taking of land in a constitutional sense in the light of the principles discussed. The plaintiff has alleged that the state "notified the

plaintiff . . . to refrain [from] and discontinue the construction of said building and project." That phrase, taken alone, and given the interpretation most favorable to the plaintiff, might suggest the necessary compulsion by the state, the absolute prohibition, that would indicate an unequivocal act of taking under the circumstances of the case. Reading the complaint as a whole, however, an unconstitutional taking, distinct from the "actual taking" in about 1973, has not been alleged. Firstly, assuming the plaintiff intended to allege two takings, the plaintiff does not ask for the value of the property not compensated for later by the "actual taking." He does not say that there was some value in the property itself for which he was not compensated. Essentially, he says that his aspirations for the use of the property were frustrated. Secondly, assuming one taking is all that could be found, the plaintiff does not ask that the date of taking be changed, or advanced. See *Textron, Inc.* v. *Wood,* 167 Conn. 334, 355 A.2d 307. Thirdly, the plaintiff seeks damages for financial stress and loss incidental to a statutory condemnation, but does not seek the value of the property allegedly taken. Finally, there is but one count in the complaint. It combines all the allegations into one cause of action that alleges nothing more than possibly tortious conduct not amounting to a distinct taking. As the complaint is insufficient to establish an unconstitutional taking, and merely seeks damages for tortious conduct by the state, the doctrine of sovereign immunity is a sufficient bar to the jurisdiction of the court.

There is no error.

In this opinion HOUSE, C. J., LONGO and BARBER, Js., concurred.

BOGDANSKI, J. (dissenting). A taking may occur in the constitutional sense where the state causes "a substantial interference with private property which destroys or nullifies its value or by which the owner's right to its *use* or *enjoyment* is in a substantial degree abridged or destroyed." (Emphasis added.) *Textron, Inc.* v. *Wood,* 167 Conn. 334, 346, 355 A.2d 307. In my judgment, although the plaintiff's complaint could have been more articulately drawn, it did nonetheless allege facts sufficient to support a finding of a taking in a constitutional sense.

The plaintiff's complaint alleged that the state "notified the plaintiff . . . to refrain [from] and discontinue the construction of said building and project," and that, because of the acts of the state, he was denied and deprived of the reasonable use of the property. If those allegations were shown to be true, the trier could have concluded that there was a "substantial interference" with the property by the state, that the plaintiff was thereby deprived of the reasonable use of his property, and that, therefore, a taking in the constitutional sense had occurred.

A motion to erase a case from the docket should be granted only when it is clearly apparent on the face of the record that the court is without jurisdiction. *Barney* v. *Thompson,* 159 Conn. 416, 420, 270 A.2d 554; *Pearson* v. *Bridgeport Hydraulic Co.,* 141 Conn. 646, 648, 109 A.2d 260. The allegations of a complaint must be construed in a manner most favorable to the plaintiff and "every presumption must be indulged which favors the jurisdiction of the court." *Brewster* v. *Brewster,* 152 Conn. 228, 233, 206 A.2d 106; *Brown* v. *Cato,* 147 Conn. 418,

419, 162 A.2d 175. I am not persuaded, therefore, that the scope of the relief prayed for negates the import of the allegations of the complaint. I would find error, set aside the judgment and remand the case with direction to deny the motion to erase.