## EULA WILEY ET AL. *v.* DOUGLAS LLOYD, COMMISSIONER OF HEALTH SERVICES (3096)

DUPONT, C.P.J., HULL and BORDEN, Js.

Argued May 7—decision released July 9, 1985

*Diane Polan,* for the appellant (plaintiff Eleanor Theriault).

*Jane S. Scholl,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Richard J. Lynch,* assistant attorney general, for the appellee (defendant).

HULL, J. This appeal by the plaintiff Eleanor Theriault,[1] arises out of the trial court's disposition of several pretrial orders[2] which culminated in the striking of the plaintiffs' complaint, based upon their lack of standing to bring this action, and in a subsequent judgment of dismissal. The defendant has also presented, pursuant to Practice Book § 3012 (a), an alternative ground upon which the decision of the trial court may be affirmed. He claims that the court erred in denying his motion to dismiss for lack of subject matter jurisdiction because the plaintiffs failed to allege facts sufficient to overcome the bar of sovereign immunity. We agree.

Theriault was a plaintiff in a marital dissolution action in the New Haven judicial district when she commenced the present action pursuant to 42 U.S.C. § 1983. She claimed that the defendant violated her constitutional rights by requiring her to provide the information requested in the "health form" VS-63, required under

---

[1] Eula Wiley, the named plaintiff, has not filed an appeal from the judgment of the trial court. Hence, Eleanor Theriault is the only appellant herein.

[2] The pretrial orders and rulings at issue include the denial of the plaintiffs' amended motion for class certification, the denial of the plaintiffs' motion to reargue the denial of class certification, the granting of the defendant's objection to the motion to reargue class certification, the denial of the motion of Elizabeth Antrum to intervene as a plaintiff, and the granting of the defendant's motion to strike the complaint.

General Statutes § 46b-68. That form requested information regarding her race and that of her spouse, their respective educational backgrounds, number of prior marriages and marital histories. The form is supplied to the clerks of the Superior Court by the defendant. Theriault did not allege that her final decree had been denied on the basis of her failure to provide the information requested in the form. We take judicial notice of the fact that her final decree was granted on November 22, 1983. See *State* v. *Lenihan,* 151 Conn. 552, 554, 200 A.2d 476 (1964).

On November 29, 1983, the court granted the defendant's motion to strike the complaint. That motion alleged that the plaintiffs lacked standing to bring their action because of their failure to allege any injuries caused by the defendant. The court, *Celotto, J.,* concluded that neither the injury nor a causal connection with the defendant's actions were sufficiently alleged to withstand a motion to strike. After the plaintiffs failed to file a new pleading, the defendant moved for judgment. That motion was granted by the court, *Hadden, J.,* which rendered a judgment of dismissal on January 4, 1984, and the plaintiff Theriault filed the present appeal. Because we conclude that the defendant's alternative ground for affirming the trial court's decision is dispositive of this case, we do not reach Theriault's claims of error.

The doctrine of sovereign immunity involves the jurisdiction of the court over the subject matter of the action. *Horton* v. *Meskill,* 172 Conn. 615, 624, 376 A.2d 359 (1977), quoting Block, "Suits Against Government Officers and the Sovereign Immunity Doctrine," 59 Harv. L. Rev. 1060, 1061 (1946); *Horak* v. *State,* 171 Conn. 257, 262, 368 A.2d 155 (1976). Consequently, a motion to dismiss the complaint is, pursuant to Practice Book § 143 (1), the appropriate procedural vehicle by which to raise a claim that sovereign immunity bars an action.

"In a constitutional democracy sovereign immunity must relax its bar when suits against the government complain of unconstitutional acts." *Sentner* v. *Board of Trustees,* 184 Conn. 339, 343, 439 A.2d 1033 (1981). Theriault and the trial court have both relied upon *Sentner* v. *Board of Trustees,* supra, for the test to be applied in determining whether a complaint sufficiently alleges unconstitutional acts to overcome the doctrine of sovereign immunity. The trial court found that the allegations of this complaint defeated the sovereign immunity bar as defined by *Sentner,* and Theriault, naturally, agrees with this analysis. We conclude, however, that *Sentner* does not speak to the issue for which she seeks to use it.

In *Sentner,* the trial court had overruled a demurrer to the complaint, as here, but the Supreme Court was dealing with an appeal on the merits of the case after a full trial. Id., 341. No error had been claimed in the overruling of the demurrer. Thus, the opinion does not address the issue of the *sufficiency* of allegations. Rather, it dealt with the merits of the appeal on the presumption that the allegations of the complaint were sufficient. Id, 343–45.

In *Upson* v. *State,* 190 Conn. 622, 461 A.2d 991 (1983), however, the claims of error in the appeal specifically raised the trial court's dismissal of the plaintiff's complaint on sovereign immunity grounds. There the court held that " '[t]he complaint, to survive the defense of sovereign immunity, must allege sufficient facts to support a finding of a taking of [property] in a constitutional sense . . . .' *Horak* v. *State,* 171 Conn. 257, 261, 368 A.2d 155 (1976). Where 'the complaint is insufficient to establish an unconstitutional taking . . . the doctrine of sovereign immunity is a sufficient bar to the jurisdiction of the court.' Id., 262. In the present case the trial court took no evidence. It was, however, required to determine the sufficiency

of the claim of an unconstitutional taking, as alleged by the plaintiff, in order to determine the validity of the sovereign immunity averment which was the basis of the defendant's motion to dismiss." *Upson* v. *State,* supra, 625. Although the present case does not involve a taking of property, it is clear that the test to be derived from *Upson* is whether or not sufficient facts of unconstitutional activity have been alleged to overcome the sovereign immunity bar.

In the present case, the allegations of Theriault's count of the complaint are far from sufficient to overcome that bar. She does not allege that the clerk of the court has even asked for the health form to be completed. Nor does she allege that her decree of dissolution has been denied based upon her failure to complete that form. She merely alleges that she "does not want to" provide the information requested on the form. We conclude that such allegations are insufficient, as a matter of law, to overcome the bar of sovereign immunity.

Since we conclude that the allegations of the complaint did not overcome the bar of sovereign immunity, the court had no jurisdiction over the action.

There is no error.

In this opinion the other judges concurred.