[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 7, 1986, while incarcerated at the Hartford Community Correctional facility, Brian Keith Hackett died from complications of his asthmatic condition. On October 7, 1988, the plaintiff, Susan Hackett, administratrix of the estate of Brian Keith Hackett, filed a wrongful death action in superior court seeking damages, pursuant to 42 U.S.C. § 1983 and 1988, against the State of Connecticut, several John Doe state officials, Evelyn B. Horn, Warden of the Hartford Correctional facility, Raymond M. Lopes, then Commissioner of Correction, and Lawrence Meachum, present Commissioner of Correction. The defendants John Does, Evelyn B. Horn, Raymond M. Lopes, and Lawrence Meachum are sued in their individual and official capacities.
The complaint is in four counts. Count One is against the State and the John Does. Count Two is against Evelyn B. Horn. Count Three is against Raymond M. Lopes. Count Four is against Lawrence Meachum. All four counts allege that all defendants violated amendments of the United States Constitution, by acting negligently and with disregard or indifference to the federally protected rights and safety of Brian Keith Hackett, by deliberate indifference to his serious medical needs, and by failing or neglecting to diagnose and treat his condition in a timely fashion. The plaintiff alleges that these violations occurred while the defendant state officials were acting under color of law and within the discharge of their duties and scope of employment.
In addition, Counts Two, Three, and Four allege that defendants Horn, Lopes, and Meachum, respectively, failed or neglected adequately to hire, staff, train, and supervise Correctional personnel in emergency medical procedures, specifically as to the recognition of asthmatic medical emergencies. On March 7, 1987, the plaintiff, pursuant to Conn. Gen. Stats. 4-165b, filed a notice of claim with the Claims Commissioner to obtain authorization to sue the State. It appears from the file that the Claims Commissioner never acted upon the plaintiff's request to sue the state. CT Page 4198
On October 17, 1988, the Attorney General filed an appearance on behalf of the state and all named defendants. On December 7, 1988, the Attorney General filed an additional appearance on behalf of the John Does only. Also, on December 7, 1988 only the defendants, the state and the John Does, filed a motion to dismiss and accompanying memorandum, claiming that sovereign immunity barred the plaintiff's action against the state and the John Does in their official capacities, and lack of personal jurisdiction over the John Does. Still, on December 7, 1988, only the named defendants Horn, Lopes, and Meachum filed an answer and four special defenses of good faith, sovereign immunity, failure of plaintiff to state a claim upon which relief could be granted, and equitable set-off. On December 12, 1988, the plaintiff replied to the named defendants' special defenses.
On March 6, 1989, the plaintiff filed a motion, with accompanying memorandum in opposition to defendants state's and the John Does' motion to dismiss. On March 14, 1989, the defendants filed a notice to appear at short calendar; however, there is no indication in the file whether the motion was in fact argued.
On March 5, 1990, the defendants state and the John Does filed a supplemental memorandum in support of their December 7, 1988 motion to dismiss.
On March 19, 1990, named defendants Horn, Lopes, and Meachum filed a motion to dismiss, with the appropriate memorandum, claiming that sovereign immunity barred the plaintiff's claim against them in their official capacity absent authorization from the Claims Commissioner, and that the court lacks personal jurisdiction over them. On March 23, 1990, the plaintiff filed a supplemental memorandum in opposition to the March 19, 1990 motion to dismiss of defendants Horn, Lopes, and Meachum. On March 29, 1990, defendants Horn, Lopes, and Meachum replied to the plaintiff's March 23, 1990 memorandum. Finally, on June 21, 1990, the plaintiff filed a supplemental memorandum in opposition to the motions to dismiss filed December 7, 1988 and March 19, 1990.
 II.
A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687 (1985). "Any defendant, wishing to contest the Court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the CT Page 4199 filing of an appearance . . ." Conn. Practice Book 142 (rev'd to 1978, as updated to October 1, 1989). "Any claim of lack of jurisdiction over the person . . . or insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in Secs. 112 and 113 [motion to dismiss filed after complaint is filed but before the answer is filed] and within the time provided by Sec. 142 [within thirty days of the filing of an appearance]." Conn. Practice Book 144. "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Conn. Practice Book 145.
The doctrine of sovereign immunity involves the jurisdiction of the court over the subject matter of the action. Wiley v. Lloyd, 4 Conn. App. 447, 449 (1985). The defense of sovereign immunity may be raised in a motion to dismiss an action against the state. Duguay v. Hopkins,191 Conn. 222, 227 (1983).
The plaintiff makes several arguments in opposition to defendants' motion to dismiss. First, the plaintiff argues that service of process supon the attorney general was proper service upon all defendants, specifically the John Doe defendants in their individual and official capacities, but that the attorney general lacks standing to move to dismiss the complaint against the John Does in their individual capacities. Second, the plaintiff argues that sovereign immunity does not bar her action and, therefore, the court has subject matter jurisdiction over her claim. Third, the plaintiff contends that when named defendants Horn, Lopes, and Meachum filed their December 7, 1988 answer, they waived their right to file a motion to dismiss and to have the court rule upon the pending motion to dismiss.
The attorney general in contention argues that to effect service of process upon the defendants, the John Does, in their individual capacities, service had to be made in hand or at the usual place of abode pursuant to Conn. Gen. Stats. 52-54 and52-57(a); but that she (the attorney general) is authorized by statute to represent the John Does in their individual capacities. The attorney general next argues that because the plaintiff did not receive permission from the Claims Commissioner to sue the State, the doctrine of sovereign immunity prevents the court from having subject matter jurisdiction over the claim. Lastly, the attorney general argues that defendants Horn, Lopes and Meachum's filing of an answer does not prohibit the filing of a motion to dismiss which asserts a lack of subject matter jurisdiction. CT Page 4200 Without reaching the issue of whether there was effective service of process upon the defendants in their individual capacities by service upon the attorney general, it is found that the attorney general is authorized to represent the defendants in their individual capacities.
Section 5-141d of the Conn. Gen. Stats. confers authority upon the attorney general to represent the defendant state officers and employees in their individual capacities.
Conn. Gen. Stats. 5-141d provides in relevant part:
 (a) The state shall save harmless and indemnify any state officer or employee, as defined in section 4-141, and any member of the public defender services commission from financial loss and expense arising out of any claim, demand, suit or judgment by reason of his alleged negligence or alleged deprivation of any person's civil rights or other act or omission resulting in damage or injury, if the officer, employee or member is found to have been acting in the discharge of his duties or within the scope of his employment and such act or omission is found not to have been wanton, reckless or malicious.
 (b) The state, through the attorney general, shall provide for the defense of any such state officer, employee or member in any civil action or proceeding in any state or federal court arising out of any alleged act, omission or deprivation which occurred or is alleged to have occurred while the officer, employee or member was acting in the discharge of his duties or in the scope of his employment, except that the state shall not be required to provide or such a defense whenever the attorney general, based on his investigation of the facts and circumstances of the case, determines that it would be inappropriate to do so and he so notifies the officer, employee or member in writing.
Conn. Gen. Stats. 4-141 defines "state officer or employee" in pertinent part as "every person elected or appointed to or employed in any office, position or post in the state government, whatever his title, classification or function and whether he serves with or without remuneration or compensation . . . ." CT Page 4201
In the present case the John Doe employees are alleged to be employees of the State of Connecticut, Department of Correction and "were acting under the color of law and under the color of authority in their respective positions in the employ of the State of Connecticut, Department of Correction." (October 7, 1988, Complaint, First Count, paras. 3-6). Therefore, as the afore mentioned statutes confer the requisite standing, it is clearly the obligation of the attorney general to provide legal representation. Therefore, the attorney general, having the requisite standing, could move to dismiss the action for lack of personal jurisdiction.
It is determined that the court lacks jurisdiction over the John Doe defendants because naming John Doe defendants in a complaint and writ is improper under Connecticut Practice. The Connecticut Practice Book does not authorize naming John Doe defendants. Neither does Connecticut have a fictitious name statute that authorizes naming a John Doe defendant. In those jurisdictions that permit suits against a defendant whose identity or name is unknown, there are statutes authorizing the fictitious designation. 67A C.J.S. Parties 115 p. 937-39 (1978). Section 52-45a (formerly 52-89) of the Connecticut General Statutes provides that "[c]ivil authorities shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties . . . ." Conn. Gen. Stats.52-45a.
In discussing this statute the Supreme Court has stated, "General Statutes, 52-89, provides, in part, that writs in civil actions shall describe the parties, presumably by their real names, so that they may be identified." Buxton v. Ullman,147 Conn. 48, 59 (1959) (emphasis added). Count One of the plaintiff's complaint describes the John Doe defendants as "the Correctional Center Medical Staff", "the authorities at the Correctional Center," "the medic called to assist [the plaintiff's decedent]," and "medical personnel." Such designations are improper as the court cannot ascertain the specific persons intended to be sued. The John Doe defendants were improperly included in the writ and complaint and, therefore, service upon the attorney general was ineffective against them. Accordingly, it is appropriate to dismiss all claims against the defendants, the Does, in their individual and official capacities.
 III.
The motion to dismiss filed on March 19, 1990 was not timely filed with regard to the claim of lack of personal jurisdiction; however, both the December 7, 1988 and March 19, CT Page 4202 1990 motions to dismiss were timely filed with regard to the claim of lack of subject matter jurisdiction since "any claim of lack of [subject matter jurisdiction] cannot be waived." Conn. Practice Book 145. On October 17, 1988 the defendant State and named defendants filed an appearance. On December 7, 1988 the attorney general, on behalf of the John Doe defendants only, filed an additional appearance and a motion to dismiss. On March 19, 1990 the named defendants Horn, Lopes, and Meachum filed their motion to dismiss claiming lack of personal jurisdiction. Section 142 of the Connecticut Practice Book requires the filing of a motion to dismiss within thirty days of the filing of an appearance. Accordingly, the named defendants Horn, Lopes, and Meachum waived their right to claim lack of personal jurisdiction. Moreover, with regard to Horn, Lopes, and Meachum, on December 7, 1988 they filed an answer which closed the pleadings between them and the plaintiff, and thus precluded Horn, Lopes, and Meachum from filing a motion to dismiss on the grounds of lack of personal jurisdiction. "[T]he filing of any pleading provided for by [section 112] will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided for in the section." Conn. Practice Book 113. The filing of a subsequent pleading waives the right to file an earlier pleading. Dobruck v. Samalus, 11 Conn. Law Trib. No. 10, p. 16.
It is settled law in Connecticut that the state is immune from suit unless, by appropriate legislation, it authorizes or consents to suit. Owner-Operators Independent Drivers Ass'n of America v. State, 209 Conn. 679, 685 (1989).
Because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. Seutner v. Board of Trustees, 184 Conn. 339, 342
(1981).
Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute. Doe v. Heintz,204 Conn. 17, 31 (1987). In addition, the state cannot use sovereign immunity as a defense in an action for declaratory or injective relief. Id. When sovereign immunity has not been waived, the Claims Commissioner is authorized by statute to hear monetary claims against the state and to determine whether the claimant has a cognizable claim. See General Statutes4-141 through 4-165b. Krozser v. New Haven, 212 Conn. 415
(1989).
This court is without authority to adjudicate the CT Page 4203 plaintiff's claims for monetary relief against the State, the John Does, Evelyn Horn, Raymond Lopes, and Lawrence Meachum in their official capacities because the plaintiff has failed to first obtain authorization from the Claims Commissioner as provided for in Conn. Gen. Stats. 4-141 through 4-165b. When money damages are sought, the remedy available through the Claims Commissioner is a prerequisite to the court's jurisdiction to consider the constitutional claim. Barde v. Board of Trustees, 207 Conn. 59, 66 (1988). The present case is on all fours with and controlled by Krozser v. New Haven,212 Conn. 415 (1989).
In Krozser the plaintiff brought an action seeking damages, pursuant to 42 U.S.C. § 1983 and 1988, against the State and the Commissioner of Correction. The plaintiff alleged that while the plaintiff's decedent was incarcerated at the New Haven Community Correctional Center, the defendants were deliberately indifferent to, and failed to provide for his serious medical needs. The Supreme Court concluded that the court had no jurisdiction to adjudicate the plaintiff's claim because the plaintiff never received permission from the Claim Commissioner to sue the state. Krozser,212 Conn. at 422-24. Accordingly, since the State has not waived its immunity from suit for money damages, it is found that sovereign immunity requires the dismissal of all claims against the defendant State and state officers acting in their official capacity.
However, sovereign immunity does not bar the plaintiff's claim against the named defendants Horn, Lopes, and Meachum in their individual capacities. Section 4-165 of the Connecticut General Statutes provides in part:
 No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damages or injury shall present it as a claim against the state under the provisions of this chapter.
Conn. Gen. Stats. 4-165 (emphasis added).
According to the statute, state officers and employees are individually immune from suit so long as their injurious actions are not wanton, reckless or malicious. Any person having a negligence claim against a state officer or employee must obtain permission to sue the state officer or employee CT Page 4204 from the Claims Commissioner. To sue state officers or employees on claims of wantoness, recklessness or maliciousness, no permission is needed from the Claims Commissioner.
The plaintiff in her complaint alleges both negligence and deliberate indifference on the part of all the defendants. In 1976, the United States Supreme Court stated that
 deliberate indifference to serious medical needs of prisoners constitutes the `unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.
 Regardless of how evidenced, deliberate indifference to a serious illness or injury states a cause of action under 1983.
 This conclusion does not mean, however, that every claim by a prisoner states a violation of the Eighth Amendment.
 Similarly, in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute `an unnecessary and wanton infliction of pain' or to be ` repugnant to the conscience of mankind.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.
Estelle v. Gamble, 429 U.S. 97, 104-06 (1976) (citations omitted).
Accordingly, since the complaint alleges deliberate indifference and permission to sue from the Claims Commissioner is not needed, the motion to dismiss should not be granted with respect to the named defendants Horn, Lopes, and Meachum in their individual capacities. CT Page 4205
CONCLUSION
For the foregoing reasons, the motion to dismiss the complaint against the State and all other defendants in their official capacities is granted. The motion to dismiss the complaint against Horn, Lopes, and Meachum in their individual capacities is denied.
STENGEL, J.