[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (NO. 106)
The plaintiff, DeFonce Construction Co. ("DeFonce"), alleges in its complaint that it was the general contractor for certain portions of the repairs of the Mianus River Bridge in Greenwich. Defendant Stavola was the supervising engineer on the project. He was employed by defendant E. Lionel Pavlo Engineering Co. ("Pavlo"). Pavlo signed an agreement with the Connecticut Department of Transportation to act as consulting engineer for the Mianus Bridge Project.
The contract submitted by the plaintiff (and incorporated by reference into the second amended complaint) contains the following language at paragraph 19:
 It is further understood and agreed by the parties hereto that the Contracting Engineer waives Governmental Immunity in the adjustment of claims or in the defense of any suit, unless requested by the State.
Defendants moved to dismiss the complaint claiming that they are protected by the doctrine of sovereign immunity.
A motion to dismiss is the proper procedural vehicle for contesting the court's jurisdiction. Connecticut Practice Book, 142 (rev'd. to 1978, as updated to October 1, 1989). "The doctrine of sovereign immunity involves the jurisdiction of the court over the subject matter of the action." Wiley v. Lloyd, 4 Conn. App. 447, 449 (1985), citing Horton v. Meskill,172 Conn. 615, 624 (1977). A claim of sovereign immunity is CT Page 4562 properly raised through a motion to dismiss. Wiley,4 Conn. App. at 449.
In general, it is established that the state may not waive its immunity from suit by contractual provision: "Sovereign immunity may be waived only through a statute." Struckman v. Burns, 205 Conn. 542, 558 (1987), citing Duguay v. Hopkins, 191 Conn. 222, 228 (1983). Subject matter jurisdiction may not be conferred by consent of the parties. State v. Orsini, 187 Conn. 264, 269 (1982).
If the defendants were state employees at the time the disputed events occurred, the explicit waiver in the contract above quoted is a nullity, and the motion to dismiss should be granted. If they were not state employees, the motion should be denied.
It is undisputed that the defendants were not state employees prior to the formation of the contract. (Second Amended Complaint, paragraphs 3, 4; defendants' memorandum, p. 1.) If they ever became state employees for purposes of this action, that status was conferred upon them by the operation of the contract.
In ruling on this motion, the court accepts that the contract in question is the document offered by the plaintiff. It is described as the "original Consulting Agreement. . . . The correct Agreement bears `State Project No. 56-200' which is the number assigned to the Mianus Project by the State." Plaintiff's Memorandum, p. 4, n. 1.
Number 56-200 was assigned to this project in the original contract documents. Defendants submitted copies of a document bearing a different project number which does not apply to the project in dispute.
A contract is to be construed as a whole and all relevant provisions considered together. Sturman v. Stocha,191 Conn. 1, 12 (1983). Parties do not ordinarily insert meaningless provisions in their contracts, and, therefore, every provision must be given effect if reasonably possible. Hatcho Corporation v. Della Pietra, 195 Conn. 18, 23 (1985).
The court must construe the waiver provision as expressing the parties' intention that the status of state employees was not to be conferred upon the defendants. Such an intention also can be inferred from other language found in paragraph 19 of the contract:
(19) That it is expressly understood that the Contracting Engineer shall indemnify and save harmless the State, its officers, agents and employees from claims, suits, actions, damages and costs of every name and description resulting from the negligent performance of the Contracting Engineer and/or any of his Subcontractors under this Agreement, including any supplements thereto, or resulting from the nonperformance of the Contracting Engineer and/or any of his subcontractors of any of the covenants and specifications of this Agreement, including any supplements thereto, and such indemnity shall not be limited by reason of any insurance coverage herein required.
Neither the indemnification provision nor the waiver of immunity would have any force or logical function in a contract creating an employer-employee relationship. See, e.g., White v. Burns, 213 Conn. 307, 312 (1990), (sovereign immunity discussed).
The court finds that the defendants' contract with the state did not confer state employee status upon them. The defense of sovereign immunity is not available to the defendants; therefore, the motion to dismiss is denied.
E. EUGENE SPEAR, JUDGE.
CT Page 4563