[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 13, 1991, the plaintiff, Leone Construction Company, Inc., filed a six count amended complaint in which it alleges that it entered into a contract for the construction of a replacement bridge on Route 1 in Darien with the defendant State of Connecticut on or about April 27, 1984. In the sixth count of the complaint, the plaintiff alleges that the defendant required the plaintiff to perform work not required under the contract and to perform work beyond the contractual period of performance.
In the sixth count, the plaintiff alleges that the defendant failed to meet its contractual obligation by failing to act upon the plaintiff's claims for an equitable contract adjustment and by failing to assign auditors to review the plaintiff's accounts, after being directed to do so by the Department of Transportation Contract Board of Review, the defendant acted outrageously, maliciously and with reckless indifference toward the plaintiff's rights under the contract. CT Page 166
Although the plaintiff does not specify what damages it seeks under count six, the plaintiff does claim money damages, exemplary damages, and "such other and further relief as may pertain in law and equity."
On September 6, 1991, the defendant failed a motion to dismiss the sixth count of the amended complaint on the basis of sovereign immunity and a memorandum of law in support thereof.
On November 25, 1991, the plaintiff filed an objection to the motion to dismiss and a memorandum of law in support thereof.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "The doctrine of sovereign immunity involves the jurisdiction of the court over the subject matter of the action. . . . Consequently, a motion to dismiss the complaint is . . . the appropriate procedural vehicle by which to raise a claim that sovereign immunity bars an action." Wiley v. Lloyd, 4 Conn. App. 447, 449,495 A.2d 1082 (1985).
The defendant argues that subject matter jurisdiction is lacking as to count six, because the plaintiff brought the suit under General Statutes 4-61, which waives sovereign immunity only for "any disputed claims under such [highway or public works] contract," and the plaintiff, in the sixth count, alleges that the defendant committed torts. Hence, the defendant maintains the plaintiff's allegation in the sixth count do not fall within General Statutes 4-61's limited waiver of sovereign immunity for contractual disputes.
The plaintiff counter argues that 4-61 should be construed broadly because it applies to "any disputed claims under such contract." It also argues that the sixth count states a contract claim, not a tort claim, hence the count falls within the statutory waiver of immunity.
The plaintiff argues further that allegations of tortious conduct in connection with a breach of contract can support a claim for punitive damages.
General Statutes 4-61 (a) states in relevant part: "Any person, firm or corporation which has entered into a contract with the state, acting through any of its departments, commissions or other agencies, for the design, construction, construction management, repair or alteration of any highway, bridge, building or other public works of the state. . .may, in the event of any disputed claims under such contract, bring an CT Page 167 action against the state. . . ."
No Connecticut appellate level decisions have addressed the issue of whether a tort claim may be brought under General Statutes 4-61 (a). The only Superior Court decision addressing the issue is Ernest Jarvis Co. v. State of Connecticut,3 CSCR 903 (October 31, 1988, O'Connor, J.), which held that a cause of action for the tort of fraudulent inducement could not be brought under the statute.
"[S]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed. . . ." Berger, Lehman Associates, Inc. v. State, 178 Conn. 352, 356, 422 A.2d 268
(1979). A cause of action based in tort could not properly be brought under General Statutes 4-61(a).
 Some complaints state a cause of action in both contract and tort. . . .When rules governing contract actions conflict with those governing tort actions courts sometimes characterize an action as either contract or tort and choose the applicable rule accordingly.
Stowe v. Smith, 184 Conn. 194, 199, 441 A.2d 81 (1981).
"This court has adopted the view that the `modern tendency is to make the fundamental nature of the obligation the test as to whether the action is founded upon either tort or contract.'" Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 410207 A.2d 732 (1965).
In the sixth count, the plaintiff alleges that the defendant breached the contract by failing to make equitable contract adjustments and to assign auditors to review the plaintiff's account, and, in so doing, the defendant acted outrageously, maliciously, and with reckless indifference toward the plaintiff's rights under the contract. Although these allegations could be considered to be tortious, "the fundamental nature of the obligation" between the parties is governed by the provisions of their contract. The plaintiff alleges that the defendant's actions were wrongful in light of the plaintiff's contractual rights. The court interprets this count as bring based in contract, and therefore it may be brought under General Statutes 4-61 (a).
Motion to Dismiss is denied.
Objection to said motion is sustained. CT Page 168
JOHN F. WALSH, J.