[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By complaint dated July 25, 1991, the plaintiff seeks compensation for the amounts paid and amounts it has become obligated to pay as the employer of Mr. William Johndrow, who was injured in an automobile accident on October 1, 1987, also involving Mr. Roy McBrien, an employee of the State of Connecticut. The complaint alleges that at the time of the accident, Mr. Johndrow was operating a truck owned CT Page 2718 by the plaintiff and that the accident occurred while Mr. Johndrow was acting in the scope of his employment. The complaint further alleges that the accident was caused by the negligence of Mr. McBrien, who was operating a truck owned by the State/defendant and was acting within the scope of his employment at the time of the accident. As authority to bring this action, the plaintiff relies upon General Statutes Section 52-592, the Accidental Failure of Suit statute, and General Statutes Section 31-275 et. seq., the Workers' Compensation Act.
On January 30, 1992, the defendant filed a motion to dismiss on the ground that this Court lacks subject matter jurisdiction over this action. An accompanying memorandum of law in support of the motion was also filed. In the memorandum, the defendant argues that (1) the plaintiff has no statutory authority to maintain a suit against the state; and (2) the plaintiff cannot utilize the accidental failure of suit statute because it never had a "timely action" before the Court.
There is no opposition to the motion in the court file.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Connecticut Practice Book Section 143.
The defendant first argues that the plaintiff's action is barred by the doctrine of sovereign immunity. "The doctrine of sovereign immunity involves the jurisdiction of the court over the subject matter of the action. . . . Consequently, a motion to dismiss the complaint is, pursuant to Practice Book Section 143(1), the appropriate procedural vehicle by which to raise a claim that sovereign immunity bars an action." Wiley v. Lloyd, 4 Conn. App. 447, 449,495 A.2d 1082 (1985); see Duguay v. Hopkins, 191 Conn. 222, 227,464 A.2d 45 (1983).
The state is immune from suit unless the General Assembly, by appropriate legislation, authorizes suit against the state, or the state consents to be sued. Lacasse v. Burns,214 Conn. 464, 468, 572 A.2d 357 (1990); Owner-Operators Independent Drivers Assn. of America v. State, 209 Conn. 679,684-85, 553 A.2d 1104 (1989). "`(T)he state's sovereign right CT Page 2719 not to be sued without its consent is "not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed, by the use of express terms or by force of a necessary implication."'" Id. "(B)ecause the state has permitted itself to be sued in certain circumstances, (the Supreme Court) has recognized the well-established principle that statutes in derogation of sovereign immunity should be strictly construed." White v. Burns,213 Conn. 307, 312, 567 A.2d 1195 (1990). "Where there is any doubt about their meaning or intent they are given the effect which makes the least rather than the most change in sovereign immunity." Id.
General Statutes Section 52-556 provides a waiver of sovereign immunity for actions brought by injured persons where the injuries were caused by the negligence of any state employee while operating a motor vehicle owned and injured by the state. General Statutes Section 4-165 provides a waiver of sovereign immunity for actions brought by persons with a complaint for injury where the injury was caused by a state employee acting in the discharge of his duties or within the scope of his employment. The present case, brought by the employer, appears to rely not on Section 52-556 or Section 4-165, but rather General Statutes Section 31-293, which allows an employer to bring an action against a third party to recover amounts paid as compensation under the Workers' Compensation Act. The relevant portion of the statute provides:
 Liability of third persons to employer and employee. Limitations on liability of architects and engineers. Limitations on liability of insurers, self-insurance service organizations and unions relating to safety matters. (a) When an injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become CT Page 2720 obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. If either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate. (emphasis added.)
The language of the statute does not include the state as a party against whom suit may be brought. It is consistent with the requirement of strict statutory construction, that the action should be dismissed on the ground of sovereign immunity. The question of whether sovereign immunity is "waived is a matter for legislative, not judicial, determination." Struckman v. Burns, 205 Conn. 542,558, 534 A.2d 888 (1987).
The defendant next argues that even if the plaintiff could maintain a suit against the state, it cannot avail itself of the accidental failure of suit statute at this time. The defendant is correct.
Some factual background is necessary in order to properly evaluate the plaintiff's claim that this action is authorized by General Statutes Section 52-592. Mr. and Mrs. William Johndrow commenced their action, Johndrow, et al v. State of Connecticut, Docket No. 09 36 36, by summons and complaint served on the State of Connecticut on July 25, 1989. (Defendant's Exhibit A — Ruling, Burns, J., Johndrow, et al v. State of Connecticut, Docket No. CV-88-09 36 06, "By Way of Articulation," dated September 26, 1990). The court (Koletsky, J.) granted Hartford Accident and Indemnity Company's (Hartford) motion to intervene, and an intervening complaint was filed. Id. Subsequently, Nutmeg Piping Supply and Service, Inc. (Nutmeg) filed a motion to substitute as intervening co-plaintiff and a request to file an amended intervening complaint. Id. CT Page 2721
The plaintiffs in the Johndrow action then filed a motion to dismiss Hartford's intervening complaint for lack of subject matter jurisdiction. Id. The court, Burns, J., granted the plaintiff's motion to dismiss the intervening complaint. Id. That court also held that since the intervening complaint was stricken, the court was without the power to grant the relief requested by Nutmeg, hence the issue was moot. Id. This ruling was affirmed by the Appellate Court. Johndrow v. State,24 Conn. App. 719, 591 A.2d 815 (1991).
Nutmeg's motion to intervene as co-plaintiff in the Johndrow action, brought pursuant to the accidental failure of suit statute, was also denied. (Defendant's Exhibit B — Ruling, Teller, J., Johndrow, et al v. State of Connecticut, CV88-09 36 06, "Memorandum of Decision Re: Motion of Nutmeg Piping Supply And Service, Inc. to Intervene," dated October 7, 1991). Nutmeg then initiated this direct action against the state on July 25, 1991.
General Statutes Section 52-592 provides in pertinent part that:
 ". . . (i)f any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because. . . the action has been dismissed for want of jurisdiction. . . the plaintiff may commence a new action for the same cause at any time within one year after the determination of the original action.
The Supreme Court has consistently held that this state "`is remedial and is to be liberally interpreted.'" Isaac v. Mount Sinai Hospital, 210 Conn. 721, 728,557 A.2d 116 (1989); quoting Ross Realty Corporation v. Surkis,163 Conn. 388, 393, 311 A.2d 74 (1972). In Isaac, the court held that "total identity of the plaintiffs is not a prerequisite to application of (Section 52-592)." Id., 733. "`(A) change of parties does not preclude an application of (a saving) statute where the change is merely nominal or the interest represented in the renewed action is identical with that in the original action.'" Id., quoting 51 Am.Jur.2d, Limitations of Actions, Section 318.
In the present case, the change in parties is not "merely nominal." In the Johndrow action, it was Hartford that was granted permission to intervene, not Nutmeg. As the court (Teller, J.) pointed out in denying Nutmeg's motion to intervene in that action, brought pursuant to the accidental failure of suit statute, "Nutmeg is not the legal CT Page 2722 representative of Hartford, the motion to be substituted for Hartford as a plaintiff having been dismissed as moot. . . . Section 52-592 cannot be read to include Nutmeg, a subrogor, in the definition of `the game parties or their legal representatives' where the action was originally commenced by its Workers' Compensation carrier. (Defendant's Exhibit B, p. 6.)
The plaintiff may not maintain this action under the accidental failure of suit statute.
Therefore, the defendant's motion to dismiss is granted.
LEUBA, JUDGE