[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The State has moved to dismiss the complaint on the grounds the plaintiffs' "action does not come within any of the exceptions to the doctrine of sovereign immunity . . . ." A motion to dismiss a complaint is the appropriate procedural vehicle to test whether or not sufficient facts have been alleged to overcome the sovereign immunity bar. Wiley v. Lloyd, 4 Conn. App. 447, (1985). In deciding this motion, the court must focus on the allegations of the complaint.
In the fourth and fifth counts, the plaintiffs allege an unconstitutional taking of their property. They allege their docks have been made useless. If there has been a taking of property in the constitutional sense and if there are no adequate statutory procedures to assure just compensation, this court has jurisdiction to determine the plaintiffs' remedy. Horak v. State, 171 Conn. 257, 260-61 (1976).
"Every presumption must be indulged which favors the jurisdiction of the court." Brewster v. Brewster, 152 Conn. 228,233 (1964). The fair import of the plaintiffs' allegations is that the state has substantially interferred with the plaintiffs' private property and destroyed its economic utilization. The allegations are sufficient to overcome a motion to dismiss. CT Page 2993
The motion to dismiss is denied.
THIM, JUDGE