[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 18, 1995, the plaintiff, Roberto Ruiz, Administrator of the Estate of Mirella Alvarez, filed suit against the defendant, the commissioner of the Office of Claims Commissioner for the State of Connecticut. The plaintiff alleges the following.
On December 28, 1989, Mirella Alvarez filed a claim with the office of the Claims Commissioner seeking permission to file suit against the state for an incident which occurred at Cedarcrest Regional Hospital on January 2, 1989. On October 2, 1989, the State of Connecticut moved to dismiss the claim for lack of jurisdiction. By letter dated November 23, 1992, the defendant ordered that a response be filed to the defendant's motion to dismiss or the claim would be dismissed. Subsequently, on December 10, 1992, the plaintiff filed an objection to the defendant's motion to dismiss.
On March 8, 1995, the Claims Commissioner dismissed the action for the reason that Mirella Alvarez died four months before the filing of the claim to the Claims CT Page 10717 Commission and, the administrator for the estate of Mirella Alvarez was not duly appointed by the probate court. Rather, the Claims Commissioner reasoned that the claim was filed in the name of Mirella Alvarez and Attorney Jack Miller and was signed by Attorney Miller. Therefore, the Claims Commissioner concluded that the claim was not filed by a duly-appointed fiduciary.
On June 13, 1995, the plaintiff filed an objection to the defendant's motion to dismiss dated June 1, 1995. The plaintiff claims that sovereign immunity does not prevent the plaintiff from maintaining a writ of mandamus against a public officer and that the plaintiff does not need permission from the claims commissioner to bring the present suit against the defendant.
On June 23, 1995, the defendant filed a motion to dismiss and a memorandum of law with the Superior Court on the ground that the court lacks subject matter jurisdiction to entertain this action because the action is barred under the doctrine of sovereign immunity.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . ." Practice Book § 143. "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Baldwin Piano Organ Co. v. Blake, 786 Conn. 295, 297, 441 A.2d 183
(1982). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; citations omitted; internal quotations omitted).Gurliacci v. Mayer, 218 Conn. 531, 544-45, 590 A.2d 914
(1991).
The defendant argues that the plaintiff is barred from suing the State of Connecticut pursuant to the doctrine of sovereign immunity. The defendant further argues that General Statutes §§ 4-141 through 4-165b expressly bar suits upon claims cognizable by the claims commissioner except as he may authorize. Secondly, the defendant argues that sovereign immunity is appropriately raised by a motion CT Page 10718 to dismiss.
In response, the plaintiff argues that pursuant to General Statutes § 52-485 (a) a writ of mandamus may be issued by a court in any case in which, by law, it may be granted. The plaintiff also argues that although an action for mandamus may not be brought against the state without its consent, in the present case, the plaintiff is requesting mandamus against a public officer, not the state.
General Statutes § 52-485 (a) states that "[t]he superior court may issue a writ of mandamus in any case in which a writ of mandamus may by law be granted, and may proceed therein and render judgment according to rules made by the judges of the superior court or, in default thereof, according to the course of common law." "It is fundamental that the issuance of the writ rests in the discretion of the court, not an arbitrary discretion exercised as a result of caprice but a sound discretion exercised in accordance with recognized principles of law. . . That discretion will be exercised in favor of issuing the writ only where the plaintiff has a clear legal right to have done that which he seeks. . . The writ is proper only when (1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy." Golab v. NewBritain, 205 Conn. 17, 20, 529 A.2d 1297 (1987).
"An action for a writ of mandamus . . . is available only in limited circumstances and to achieve limited purposes. It lies to compel a public official to perform his duty. . . The duty it compels must be a ministerial one; the writ will not lie to compel the performance of a duty which is discretionary. . . It is available only to one who has a clear legal right to the performance sought." Beccia v.Waterbury, 185 Conn. 445, 453-54, 441 A.2d 131 (1981).
"The complaint, to survive the defense of sovereign immunity, must allege sufficient facts to support a finding of a taking . . . in a constitutional sense. . . Where the complaint is insufficient to establish an unconstitutional taking . . . the doctrine of sovereign immunity is a sufficient CT Page 10719 bar to the jurisdiction of the court." Wiley v. Lloyd,4 Conn. App. 447, 450 (1985).
Mandamus is not appropriate in the present case because the plaintiff has failed to establish that an unconstitutional taking has occurred. The plaintiff's claim, that General Statutes 4-141 requires that a "hearing" be held by the Claims Commissioner, is unsupported by the statute, itself, or case law. The Claims Commissioner does not have a ministerial duty to hold a "hearing" regarding the claim brought by the plaintiff. The defendant's motion to dismiss is granted.
M. R. Hennessey, J.