[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
Factual Background
On July 23, 1996, the plaintiff, Lillian Caltabiano, filed a two count complaint alleging a defective highway cause of action against the defendants, State of Connecticut and William J. Burns, both individually and as Commissioner of Transportation. The plaintiff alleges in her complaint that while operating her motor vehicle she was involved in an accident with a motor vehicle operated by Robert Ortiz, at the intersection of Broadbridge Road and Huntington Turnpike in Bridgeport, Connecticut, which was caused by the defective condition of the traffic light at the intersection.
On June 27, 1996, the defendants, State of Connecticut and Commissioner of Transportation, filed a motion to dismiss the plaintiff's complaint on the ground of lack of subject matter jurisdiction for failure to provide notice within 90 days as provided by General Statutes § 13a-144. The plaintiff filed a "counter statement of facts" in opposition, dated September 27, 1996, arguing that the defendants' motion is more properly the subject of a special defense because the action was brought within the time allowed by statute. The motion to dismiss appeared on the short calendar on September 30, 1996. CT Page 8699
Legal Discussion
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622,624, 461 A.2d 991 (1983). Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tolly v. Department of Human Resources,225 Conn. 13, 29, 621 A.2d 719 (1993).
The defendants contend that the plaintiff's failure to give notice within 90 days of the injury renders this action subject to dismissal for lack of subject matter jurisdiction. The plaintiff maintains that this issue should be raised by means of a special defense.
"Section 13a-144 provides in relevant part that `[n]o such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days to the commissioner.' The statute created a cause of action `wholly unauthorized by the common law.' . . . Thus, the statutorily required notice is a `condition precedent to the cause of action.' . . . If this requirement is not met, no cause of action exists." (Citations omitted.) Warentkin v. Burns,223 Conn. 14, 17-18, 610 A.2d 1287 (1992). "The doctrine of sovereign immunity involves the jurisdiction of the court over the subject matter of the action." Wiley v. Lloyd, 4 Conn. App. 447, 449,495 A.2d 1082 (1985).
The plaintiff gave notice of her injuries in a letter to the Department of Transportation, dated October 5, 1995. The plaintiff also states in her letter that the incident occurred on June 4, 1995. The notice provided by the plaintiff is dated 123 days after the accident. Accordingly, that the defendants' motion to dismiss will be granted. CT Page 8700
The plaintiff has also alleged this action against William J. Burns, the Commissioner of Transportation, in his individual, capacity. Procedurally, an action against the commissioner individually does not implicate sovereign immunity, and probably should be raised either by a motion to strike or a motion for summary judgment. However, because there is no authority for a highway defect action to be brought against the commissioner in his individual capacity, the court will dismiss the action as to all parties. "It is undisputed that the state can act only through its officers or agents . . . and that the highway commissioner, as a representative of the state, is the party upon whom the legislature intended to impose legal responsibility under § 13a-144." Lussier v. Department of Transportation,228 Conn. 343, 351, 636 A.2d 808 (1994).
Conclusion
Based on the foregoing, the defendants' Motion To Dismiss (#101) is granted.
So ordered.
MICHAEL HARTMERE, JUDGE