[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 12947 ON MOTION TO DISMISS
Facts
The plaintiffs Judith Gousse and Paul Gousse, co-administrators of the estate of Michael Gousse and Judith Gousse individually, instituted an action against Gerald Leonard, M.D. and others. The claim arises out of treatment rendered to Michael Gousse at Connecticut Children's Medical Center. The complaint is in seven counts. The first count is for the claims of the estate against the Connecticut Children's Medical Center. Counts two, four and five are against other individual M.D.'s and are not the subject matter of this motion. Count six is a claim by Judith Gousse, individually, against the Medical Center. Count seven is an individual claim by Judith Gousse against various M.D.'s including Dr. Leonard. Count three is the subject matter of the present motion. Count three is a claim by the estate against the defendant Doctor Leonard.
The plaintiffs' claims against the various defendants sound in negligence. Specifically the claims center on alleged medical malpractice. In none of the claims does the plaintiff allege any wilful or wanton conduct on the party of any defendant.
The defendant, Dr. Leonard moves for dismissal of the action on the grounds that this court lacks subject matter jurisdiction over the claim because Dr. Leonard is immune from suit by virtue of Connecticut General Statute Section 4-165.
Discussion
Connecticut General Statute Section 4-165 provides, in pertinent part, as follows:
 No state officer or employee shall be personally liable for damages or injuries, not wanton, reckless, or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such . . . injury shall present it as a claim against the state under the provisions of this chapter.
In count three of its complaint the plaintiffs allege:

CT Page 12948 "At all times mentioned herein, the defendant, Gerald Leonard, held himself out to the general public as a physician and surgeon duly licensed to practice medicine in the state of Connecticut and practice in Hartford, Connecticut and its environs specializing in the field of otolaryngology and facial plastic surgery."
The plaintiffs go on to plead that the decedent Michael Gousse came under treatment of Dr. Leonard and that as a result of Dr. Leonard's negligence the plaintiff suffered death and other damages.
In the complaint the plaintiffs do not name any employer of Dr. Leonard. If Dr. Leonard is an employee solely of the state of Connecticut, plaintiffs action against him is barred by sovereign immunity and the motion to dismiss is proper. If Dr. Leonard is an employee of the Connecticut Children's Medical Center, he is not solely an employee of the state of Connecticut and he is not immune from a negligence action.
Where the doctrine of sovereign immunity bars an action, the court lacks subject matter jurisdiction over the action. Hortonv. Meskill, 172 Conn. 615, 624 (1997); Wiley v. Lloyd,4 Conn. App. 447, 449, (1998).
The court agrees with the statement contained in the plaintiffs brief that "the pivotal issue before the court is whether the defendant Leonard was acting within the scope of his employment and the discharge of his duties as a state employee when he rendered medical treatment to Michael Steven Gousse, age three months, at Connecticut Medical Center."
The defendant Leonard relies on an affiliation agreement to explain his presence at CCMC and to explain his providing of medical service to Michael Gousse in February of 1999. The plaintiffs cite a number of facts which they claim supports their position that Dr. Leonard was in reality an agent of CCM and not acting in his capacity as a University of Connecticut Health Center Physician. CCMC's directory of medical services identifies the defendant as its Director of their Department of Otolaryngology. The CCMC web site lists the defendant as its Director of its department. Finally, the affiliation agreement provides
 "Connecticut Children's' Medical Center agrees to share an CT Page 12949 appropriate component of salary and fringe benefits with the University of Connecticut Health Center for school of medicine faculty serving as department directors at Connecticut Children's Medical Center."
The defendant argues that his reason for being at CCMC was directly related to the affiliation agreement between the University of Connecticut School of Medicine and Hartford Hospital. He argues that his presence was advocated and directed by his employer the University of Connecticut School of Medicine. He argues that his status while at CCMC remained that of an employee of the University of Connecticut and thus a state employee. He further argues that his affiliation with CCMC does not negate the physician's employment status and does not render this physician an employee of any entity other than the State of Connecticut University of Connecticut Medical Center.
Dr. Leonard has filed an affidavit which is factually undisputed in which he says that he was an employee of the University of Connecticut and was acting within the scope of his employment as a state employee at all times mentioned in the complaint. He further states that at no time did he engage in private practice. Any services which he rendered to Michael Gousse were provided in his capacity as Division Chief at the University of Connecticut Health Center while employed by the State. Finally he states that he was not a medical intern, resident or fellow during the times mentioned in the complaint.
Definitions used in Section 4-165 are explained in Section4-141. That section provides:
 State officers and employees shall not any include any medical or dental intern, resident or fellow of the University of Connecticut where (1) the intern resident or fellow is assigned to a hospital affiliated with the university to an integrated residency program, and (2) such hospital provides protection against professional liability claims in an amount and manner equivalent to that provided by the hospital to its full time physician employees.
There is no indication that Dr. Leonard has any protection against professional liability from any source other than the State of Connecticut.
Practice Book Section 10-31, dealing with the grounds for CT Page 12950 motion to dismiss, allows either side when filing its memorandum of law to include "supporting affidavits as to facts not apparent on the record." It appears to the court that in the absence of the affidavits, Dr. Leonard's employer is not apparent on the record.
The appellate court considered the relationship between a motion to dismiss, sovereign immunity and affidavits in Novickiv. New Haven, 47 Conn. App. 734, (1998). In that case the plaintiff brought an action against the city relying on the waiver of sovereign immunity for roads and bridges contained in Section 13a-149. The city alleged that the plaintiffs complaint did not state a cause of action because it could not be established that the plaintiff was injured on a road or bridge for purposes of the defect statute. The city filed an affidavit supporting its contention that the property in question was controlled by the New Haven Board of Education and not by the city.
In Amore v. Frankel, 228 Conn. 358, 360, (1944) Commissioner Frankel moved to dismiss the complaint for lack of subject matter jurisdiction and filed with his motion affidavits disclosing that the employees of the University of Connecticut were parties bound to keep a driveway in repair. The supreme court held:
 "[O]nce the Commissioner's affidavits placed the caretaking of the university grounds in the hands of the landscaping crew of the University of Connecticut, it was incumbent upon the plaintiff to dispute the facts contained in those affidavits. . . . .[as] "a prerequisite to the imposition of liability . . . .the plaintiff was obligated to provide some factual allegation that would bring the complaint within § 13b-30, Amore, supra at 368, 369.
Since the plaintiff has plead neither that Dr. Leonard was an employee of the state nor that he was an employee of the Connecticut Children's Medical Center, the court has examined the affidavits and other evidence submitted by the parties. The court is convinced as a matter of fact that Dr. Leonard was solely an employee of the State of Connecticut. Accordingly he is immune from suit under the provisions of Connecticut General Statute Section 4-165.
The complaint is dismissed as to Gerald Leonard, M.D. CT Page 12951
Kevin E. Booth, J.