GEORGE S. LEVINE *v*. CITY OF NEW HAVEN ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 128127
AT NEW HAVEN

Memorandum filed January 26, 1972

*Benson A. Snaider,* of New Haven, for the plaintiff.

*Robinson, Robinson & Cole,* of Hartford, for the defendants.

TEDESCO, J. The defendants commenced the Fair Haven redevelopment project in 1963 with hearings and notices as required by law. Approximately six years later, the city's board of aldermen approved the plan.

The plaintiff owned in 1963, and still owns, property within the project. No steps have been taken to acquire his property. From 1963, the plaintiff's property suffered from the normal consequences of the planning of a redevelopment area in that the general area suffered depreciation in value, vandalism and loss of tenants, among other deteriorating factors.

The plaintiff claims in his complaint that (1) the lack of taking of his property constitutes a taking without due process of law in violation of the fifth and fourteenth amendments to the United States constitution and of the Connecticut constitution; (2) the actions of the defendants constitute a nuisance; (3) the actions of the defendants constitute gross negligence; and (4) the actions of the defendants interfered with the plaintiff's opportunities to sell or zone his property and therefore are a denial of his right to equal protection of the law.

The defendants demurred to the plaintiff's complaint, which was in four counts. The defendants' demurrer to the first count is overruled. The first count is founded on the theory of "inverse condemnation," which is the taking of property in fact, even though no formal exercise of the power of eminent domain has occurred. *Thornburg* v. *Port of Port-*

*land,* 233 Ore. 178. This court is of the opinion that if long periods of time elapse after initial condemnation proceedings and there is no "taking" for as long as, in this case, nine years, the property owner has a constitutional right to have his claim litigated.

There is no question that property located within redevelopment project areas suffers drastically and that governmental authorities should minimize property owners' monetary losses as well as their frustrations. This problem of "elapsed time" has been decided in various courts in comparable, if not similar, situations. *Sayre* v. *United States,* 282 F. Sup. 175; *Foster* v. *Detroit,* 254 F. Sup. 655; *Detroit* v. *Cassesse,* 376 Mich. 311; *Cleveland* v. *Carcione,* 118 Ohio App. 525.

The issue was clearly defined in *Pennsylvania Coal Co.* v. *Mahon,* 260 U.S. 393, 413: "Government hardly could go on if to some extent values incident to property could not be diminished without paying for every such change in the general law. As long recognized, some values are enjoyed under an implied limitation and must yield to the police power. But obviously the implied limitation must have its limits, or the contract and due process clauses are gone. One fact for consideration in determining such limits is the extent of the diminution. When it reaches a certain magnitude, in most if not in all cases there must be an exercise of eminent domain and compensation to sustain the act. So the question depends upon the particular facts."

The demurrer to the second count is overruled. The plaintiff claims that acts of the defendants have created such a severe injury to the plaintiff's land as to render it useless and thereby created a nuisance. The court recognizes the thinness of the plaintiff's claim but will afford him an opportunity to sustain it.

The demurrer to the third count is sustained. The plaintiff concedes the vulnerability of this claim of gross negligence and requests an amendment to the complaint.

The demurrer to the fourth count is overruled. The plaintiff claims specific acts of the defendants which interfered with the sale of a portion of his property. The plaintiff claims that owing to actions of the defendants the plaintiff did not seek needed zoning and thereby could not sell his property. The plaintiff should have an opportunity to present his facts to a court and have the matter adjudicated.