JOHN C. WRIGHT, TRUSTEE *v.* JAMES F. SHUGRUE, COMMISSIONER OF TRANSPORTATION

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued June 15—decision released August 28, 1979

*Kenneth N. Tedford,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellant-appellee (defendant).

*John D. LaBelle,* for the appellee-appellant (plaintiff).

BOGDANSKI, J. The plaintiff is the owner of three parcels of land in the town of Vernon, hereinafter referred to as Parcels A, B and C. (See Appendix I attached hereto as part of this opinion.) Parcel A, consisting of approximately 1.07 acres, fronts on Bamforth Road and is used for residential purposes. Parcel B contains approximately 14 acres of undeveloped land and lies mainly to the rear of Parcel A, though touching the first parcel on two sides. Parcel C, in turn, contains approximately 6 acres of undeveloped woodland and is located some distance to the rear of Parcel B, to which it was prior to the taking connected by a right-of-way 20 feet wide and 125 feet long. (See Appendix I.)

In March of 1976 the defendant commissioner took, by condemnation, approximately 3.50 acres of the plaintiff's land. The condemnation resulted in the taking of approximately 120 square feet from the southeast corner of Parcel A; 3.3 acres from the southerly portion of Parcel B and .20 acres from the southerly portion of Parcel C. Also taken was the right-of-way connecting Parcel C with Parcel B. (See Appendix I.) An assessment of damages, as required by § 13a-73 (b) of the General Statutes, was duly filed by the commissioner in connection with the above taking. From that assessment the plaintiff appealed to the Superior Court pursuant

to § 13a-76. The case was assigned to a state referee and is presently pending in the Superior Court in Tolland County. The plaintiff subsequently filed this independent action claiming that the formal condemnation by the defendant had resulted in a constitutional taking or inverse condemnation of the remaining portions of Parcels B and C and seeking compensation for such confiscation. The court found the issues for the plaintiff as to the third parcel (Parcel C) but for the defendant as to the second parcel and ordered the commissioner to amend the certificate of taking to include the remainder of Parcel C.

From that judgment both parties have appealed, with the commissioner arguing that the trial court erred in concluding that there had been an inverse condemnation with regard to the remainder of Parcel C, while the plaintiff argues that the court was in error in refusing to find an inverse condemnation as to the remainder of Parcel B.

On appeal the commissioner concedes that the sole means of access to Parcel C was the right-of-way formerly linking it to Parcel B and that the taking of this right-of-way effectively landlocked the remainder of Parcel C. (See Appendix I.) The commissioner argues, however, that the court erred in concluding that the taking of the access deprived the plaintiff of all reasonable use or benefit of the remaining portion of Parcel C. He contends that the landlocking of Parcel C, though diminishing the value of the remaining land, did not constitute an inverse condemnation and that the proper measure of the damages in such a case is limited to the difference between the fair market value of the parcel as it was before the taking and its market value after the taking.

Inverse condemnation or a constitutional taking may be complete without an actual, physical appropriation of property. *Laurel, Inc.* v. *State,* 169 Conn. 195, 201, 362 A.2d 1383; *Slavitt* v. *Ives,* 163 Conn. 198, 207, 303 A.2d 13; *Stock* v. *Cox,* 125 Conn. 405, 419, 6 A.2d 346; see 2 Nichols, Eminent Domain (3d Ed.) § 6.1 (1). This court observed that when property cannot be utilized for any reasonable and proper purpose, as where the economic utility of the property has, for all practical purposes, been destroyed, a confiscation or taking in the constitutional sense has occurred. *Laurel, Inc.* v. *State,* supra, 201; *Vartelas* v. *Water Resources Commission,* 146 Conn. 650, 153 A.2d 822. In *Stock* v. *Cox,* supra, 419, this court held that the taking of the only means of access to a tract of land was in effect a confiscation of the land remaining and that in such a case severance or consequential damages would be inadequate. See also *Slavitt* v. *Ives,* supra.

The evidence in the record fully supports the trial court's conclusion that the condemnation resulted in a confiscation of the remaining portion of Parcel C and that the court did not, therefore, err in ordering the commissioner to amend the certificate of taking to include the remainder of Parcel C.

The plaintiff's claim that a similar type of inverse condemnation had occurred with regard to Parcel B was rejected by the trial court on the ground that the plaintiff had not been deprived of all reasonable use or benefit of the land remaining in this parcel. The plaintiff argues that it is a rule of eminent domain that an injury to one parcel of land will not support a claim for consequential damages to another parcel of land which is "separate and independent" from the first parcel; that Parcels

A and B are separate and independent tracts of land within the traditional definition of that term[1] and that the converse of that rule should apply in the instant case to prevent the state from requiring him to use or damage Parcel A in order to make use of Parcel B.

There can be no confiscation unless the property affected cannot be utilized for any reasonable and proper purpose. *Laurel, Inc.* v. *State,* supra, 201; *Zygmont* v. *Planning & Zoning Commission,* 152 Conn. 550, 556, 210 A.2d 172. In the present case it is beyond dispute that there was both physical contiguity and unity of ownership as regards Parcels A and B. The trial court, as the trier of fact, made an on-site examination of the land in question and found that because of the nature of the terrain and the consequent cost of development, the most probable use of Parcel B would be to continue the land in its natural state as an enhancement of the value and enjoyment of Parcel A, or to use the land as a limited residential development in conjunction with Parcel A.

From the evidence before it the court also found that the plaintiff could obtain access to Parcel B from Bamforth Road and at the same time convert Parcel B into a legally conforming building lot by the simple expedient of transferring a 25 foot strip of land from the southerly edge of Parcel A to Parcel B. The court further found that the transfer of this strip of land would not affect Parcel A's

---

[1] The question of whether certain pieces or parcels of land are to be considered "separate and independent" for the purposes of determining entitlement to damages is generally held to be a question of fact for the trier. 4A Nichols, Eminent Domain (3d Ed.) § 14.31. The major criteria considered in such a determination are physical contiguity, unity of ownership and unity of use.

status as a legally conforming building lot,[2] and that the plaintiff could obtain adequate compensation for any diminution in value caused by the reduction in size of Parcel A as severance damages in the appeal from the assessment of damages which is presently pending in the Superior Court.

We conclude that the findings of the court below, as set forth above, were supported by the evidence in the record, and that these findings as to the continuing utility and value of the land remaining in Parcel B provide an adequate factual basis for the court's conclusion that there had been no confiscation or taking in the constitutional sense of the remainder of Parcel B.

There is no error.

In this opinion the other judges concurred.

*(See Appendix on next page.)*

---

[2] There is testimony in the record from various zoning officials of the town that the changes set forth above would not affect Parcel A's status as a legally conforming building lot nor would the proposed changes be such as to require subdivision approval.