RUDRA TAMM, TRUSTEE *v.* J. WILLIAM BURNS, COMMISSIONER OF TRANSPORTATION, ET AL. (9288)

O'CONNELL, NORCOTT and LAVERY, Js.

Argued April 23—decision released August 13, 1991

*Rudra Tamm,* pro se, the appellant (plaintiff).

*Kenneth N. Tedford,* assistant attorney general, with whom were *Cornelius F. Tuohy,* assistant attorney general, and, on the brief, *Richard Blumenthal,* attorney general, for the appellees (defendants).

O'CONNELL, J. The plaintiff appeals from the dismissal of this action arising out of the construction of a truck inspection and weigh station on state owned property adjacent to the plaintiff's property in the town of Greenwich. The defendant named in the first count is J. William Burns, commissioner of the state department of transportation when the action was commenced, and the defendant named in the fourth count is William A. O'Neill, governor of Connecticut at the commencement of this action. The plaintiff has not challenged the dismissal of the second and third counts.[1] The relief sought by the plaintiff included money damages, compensation for a partial or a total taking of his property, temporary and permanent injunctions and punitive damages for fraud and misrepresentation. The defendants moved to dismiss the action on the ground that the court lacked subject matter jurisdiction by reason of the doctrine of sovereign immunity. The trial court granted the motion and dismissed the case. The plaintiff appealed.

The complaint alleges that the plaintiff owns real estate on the south side of Interstate 95 in Greenwich

---

[1] Count two was based on malicious erection of a structure and count three was based on private nuisance.

adjacent to state owned property. At this location, which was formerly the site of a toll station, the state began constructing a truck inspection and weigh station. As part of this construction, the state cut down a substantial number of trees on its land and commenced other activities necessary to the construction of the weigh station. The plaintiff alleged that these activities caused the following damage to his property: (1) exposure to increased noise, unsightliness, fumes, and toxic emissions from I-95; (2) the alteration of pre-existing drainage; (3) the placement of a dangerous toxic substance holding pond immediately adjacent to his property and (4) increased noise, unsightliness and toxic emissions caused by the operation of the completed inspection and weigh station.

A motion to dismiss is the appropriate procedural vehicle to raise a claim that sovereign immunity bars the action. *Wiley* v. *Lloyd,* 4 Conn. App. 447, 449, 495 A.2d 1082 (1985). Because a state can act only through its officers and agents, sovereign immunity may be raised by state officers with the same effect as if the state were the named defendant. *White* v. *Burns,* 213 Conn. 307, 312, 567 A.2d 1195 (1990).

The construction and operation of a truck inspection and weigh station is within the statutory mandate to the commissioner of transportation to provide a safe and efficient highway system. General Statutes § 13b-4. All construction activity was performed on state property and therefore the doctrine of sovereign immunity bars this action unless it qualifies under one of three exceptions to the doctrine. These exceptions are (1) statutory waiver of sovereign immunity and legislative consent to suit; *White* v. *Burns,* supra; (2) actions based on a substantial claim that the state has violated a constitutional right of the plaintiff; *Horton* v. *Meskill,* 172 Conn. 615, 623–25, 376 A.2d 359 (1977); and

(3) actions based on a substantial claim that a state official has violated the plaintiff's rights by acting in excess of his statutory authority. Id. In the present case, the plaintiff relies on the second exception. The plaintiff invokes the specific constitutional right that "[n]o person shall . . . be deprived of . . . property, without due process of law, nor shall private property be taken for public use without just compensation." U.S. Const., amend. V; Conn. Const., art. I, § 11.

The plaintiff can benefit from this exception only if the complaint clearly alleges facts showing that the exception is applicable. *Barde* v. *Board of Trustees,* 207 Conn. 59, 539 A.2d 1000 (1988). "The complaint, [in order] to survive the defense of sovereign immunity, must allege sufficient facts to support a finding of a taking of land in a constitutional sense . . . ." *Horak* v. *State,* 171 Conn. 257, 261, 368 A.2d 155 (1976). The plaintiff's first count is based on the theory of inverse condemnation which is the taking of property in fact even though no formal exercise of the power of eminent domain has occurred. See *Levine* v. *New Haven,* 30 Conn. Sup. 13, 294 A.2d 644 (1972). An actual physical appropriation of the property is not required for the state's action to constitute inverse condemnation. *Wright* v. *Shugrue,* 178 Conn. 710, 713, 425 A.2d 549 (1979). "[W]hen property cannot be utilized for any reasonable and proper purpose, as where the economic utility of the property has, for all practical purposes, been destroyed, a confiscation or taking in the constitutional sense has occurred." Id.

In the present case, the plaintiff has alleged several specific acts that form the basis of his claim that his property was diminished in value and that part of his property as a result cannot now be utilized for any reasonable and proper purposes. The complaint fails to support the trial court's finding that the complaint is

merely conclusory and does not allege sufficient facts to support a finding of inverse condemnation. The complaint adequately alleges a taking of the plaintiff's property rights by the commission of specific acts and the corresponding injury to the plaintiff's property. Because the plaintiff is entitled to his day in court to prove his allegations, the first count should not have been dismissed.

The plaintiff cannot, however, prevail on his challenge to the dismissal of the fourth count. That count is founded on allegations that the governor, in his official capacity, misrepresented the state's plan to build this weighing station. Because this count does not come within any recognized exception to the sovereign immunity doctrine, it was properly dismissed.

The judgment is reversed as to the dismissal of the first count only and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.