[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#102)
By its complaint dated April 10, 1992, the plaintiff, Dalchard Warehouse, Inc., seeks to enjoin the defendant, Department of Transportation Commissioner, from issuing an outdoor advertising sign permit to co-defendant Martin Media Limited Partnership ("Martin").
The plaintiff alleges the following facts: The plaintiff leased to Patrick Media Group of Hartford, Inc. ("Patrick") the roof of a building owned by the plaintiff. Pursuant to the lease agreement, which provides that Patrick will provide thirty days notice of its intention to terminate, Patrick erected and maintained an outdoor advertising sign. On April 22, 1992, the plaintiff discovered that defendant Martin, the successor in interest to Patrick, had removed the sign without notice to the plaintiff, and that Martin was erecting a sign on another building, which is owned by co-defendant Gennaro Russo.
According to the complaint the sign being erected on the Russo premises is within five hundred feet of the plaintiff's building. Also according to the complaint, state regulations provide that no outdoor advertising sign shall be erected within five hundred feet of an existing sign. The plaintiff argues that if defendant Martin is permitted to complete the new sign, the plaintiff will be prohibited from reletting his premises for signage or from otherwise replacing the sign that Martin has removed. The plaintiff has requested that the commissioner be enjoined from issuing a sign permit to defendant Martin Media for the Russo premises. CT Page 7044
The defendant commissioner has moved to dismiss this action on the grounds of standing and sovereign immunity, and because the plaintiff has adequate remedies at law. The commissioner's motion is accompanied by a memorandum of law. The plaintiff has objected to the motion, arguing that it has standing, that the state is not immune from suit, and that the availability of damages does not preclude an action for injunctive relief. The plaintiff has filed a memorandum of law.
The motion to dismiss may be used to challenge the jurisdiction of the court. Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697, 702, 556 A.2d 602
(1989). Because sovereign immunity implicates subject matter jurisdiction, a motion to dismiss may be used to raise a claim that sovereign immunity bars an action,; Tamm v. Burns,222 Conn. 280, 610 A.2d 590 (1992); Wiley v. Lloyd, 4 Conn. App. 447,449, 495 A.2d 1082 (1985).
It is well settled that the state enjoys sovereign immunity, and cannot be sued without its consent. Lacasse v. Burns, 214 Conn. 464, 468 (1990); Owner-Operators Independent Drivers Assn. of America v. State, 209 Conn. 679, 684-85 (1989). "Because a state can act only through its officers and agent, sovereign immunity may be raised by the state officers with the same effect as if the state were the named defendant." White v. Burns, 213 Conn. 307, 312, 567 A.2d 1195 (1990). The power to issue outdoor sign permits under General Statutes 21-49 et seq. is vested in the state commissioner of transportation. Because the general statutes vest in the commissioner the power to issue outdoor advertising sign permits, the commissioner, as an officer of the state, enjoys sovereign immunity with regard to an action brought to impede the exercise of this power, unless the action qualifies under one of three exceptions to the doctrine of sovereign immunity. Tamm v. Burns, 25 Conn. App. 468,470, 594 A.2d 1043 (1991), rev'd on other grounds 222 Conn. 280,610 A.2d 590 (1992).
 These exceptions are (1) statutory waiver of sovereign immunity and legislative consent to suit; White v. Burns, [213 Conn. 307, 312, 567 A.2d 1195 (1985)]; (2) actions based on a substantial claim that the state has violated a constitutional right of the plaintiff; Horton v. Meskill, 172 Conn. 615, 623-25, 376 A.2d 359 (1977); and (3) actions based on a substantial claim that a state official has violated the plaintiff's rights by acting in excess of statutory authority; Id.
CT Page 7045
Tamm v. Burns, 25 Conn. App. at 470-71. These exceptions apply only to actions requesting declaratory or prospective injunctive relief. See University of Connecticut Chapter, AAUP v. Governor, 200 Conn. 386, 389, 512 A.2d 152 (1986); see also Fetterman v. University of Connecticut, 192 Conn. 539, 553,473 A.2d 1176 (1984).
In its memorandum in opposition to the motion to dismiss, the defendant relies on the third exception, citing Horton v. Meskill, supra. Under this exception, a plaintiff may breach the state's sovereign immunity "only if the complaint clearly alleges facts showing that the exception is applicable." Tamm v. Burns, 25 Conn. App. at 471, citing Barde v. Board of Trustees, 207 Conn. 59, 539 A.2d 1000 (1988).
It is clear that the plaintiff's complaint does not allege, as required, that the defendant commissioner has acted or will act in excess of his statutory authority, but merely alleges that the plaintiff will be harmed if the defendant issues a sign permit to co-defendant Martin. General Statutes 21-53 states that the commissioner "shall cause to be issued a permit for the erection of or continued maintenance of the outdoor advertising structure, device or display named in such application. . . ." Thus, in the absence of some other constitutional or statutory prohibition, it is within the commissioner's power to issue sign permits. The plaintiff has set forth no allegation indicating that in issuing a permit to defendant Russo, the commissioner would violate a constitutional or statutory norm, and that the plaintiff has therefore not "clearly demonstrated" an incursion upon constitutional or statutory interests. Barde v. Board of Trustees, supra, 64. The plaintiff's action against the commissioner fails to come within any of the exceptions to sovereign immunity claimed by the plaintiff, and the action is therefore barred.
Because the defendant's ground of sovereign immunity is dispositive of this motion, this memorandum will not address the defendant's alternative grounds.
The motion to dismiss is granted.
BURNS, J. CT Page 7046