[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiff from a decision of the defendant, Groton Zoning Board of Appeals (ZBA), upholding the finding of the Zoning Enforcement Officer (ZEO) that a nonconforming use of the plaintiff's property had been CT Page 9669 abandoned since prior to 1988.
The subject property is located at 70 Bridge Street in Groton. (Return of Record, hereinafter ROR, #1). The last continuous and regular use of the property was for automobile repair and fuel sales. (ROR #33, transcript of public hearing dated 11/26/91 in re application for special permit, p. 19). The record is unclear as to exactly when this use ceased but it appears to have been terminated in the early-to-mid-1980's. (ROR #33, pp. 19, 28-30). After the cessation of use of the property for public fuel sales and automotive repairs, the plaintiff has used it sporadically for repair of vehicles it uses in a separate private operation. (ROR #33, pp. 28-30). No payment of personal property taxes has been made in two years. (ROR #, 33, p. 15).
In 1988, the plaintiff submitted a site plan application to the Groton Planning Zoning Commission seeking to convert the property into office space. (ROR #13). Said site plan was approved on March 22, 1988. (ROR #23). Notwithstanding, no development of the property in accordance with the plan was commenced.
In 1991, representatives of the plaintiff applied to the ZEO for a special permit to engage in an automobile sales and service business at the subject property. (ROR #1). The use of the property for automobile sales is not allowed by right in the General Commercial Zone in which the subject property lies but requires a special permit. (ROR #36, Groton Zoning Regulations 3.22).
By letter dated September 10, 1991, the ZEO denied the special permit request on the ground that the previous nonconforming use, a gas station and vehicle repair business, had been abandoned when the owner applied for land received site plan approval in 1988. (ROR #1).
On September 20, 1991, pursuant to Groton Zoning, Regulations 6.21(b), the representatives of the plaintiff appealed the, ZEO's, decision to deny the special permit to the ZBA. (ROR #1). The representative of the plaintiff argued that the ZEO's determination was erroneous because the premises were continuously used for commercial automotive purposes and therefore, the automobile sales use would be a continuation of the existing nonconforming use. (ROR #1). CT Page 9670 In the alternative, the representatives requested size and use variances to allow them to develop the property as an automobile sales lot. (ROR #1).
On December 3, 1991, after a properly noticed public hearing pursuant to Groton Zoning Regulations 6.53, the ZBA published its decision upholding the determination of the ZEO that a nonconforming use had been abandoned since prior to 1988 and denying the plaintiff's requests for variances. (Supplemental Return of Record #37).
In regard to the issue of abandonment, the ZBA found: (1) no public business being conducted on the site; (2) no payment of personal property taxes for two years; (3) a request and approval of a site plan on March 15, 1988 for a purpose other than the nonconforming use; (4) the physical condition of the property indicated that no business is being conducted; and (5) no current business license for the site. (Supplemental ROR #37).
In regard to the request for variances, the ZBA found no hardship and that the requested variances were not in harmony with the surrounding areas. (Supplemental ROR #37).
On December 19, 1991, pursuant to General Statutes8-8, the owner of the subject property filed, this appeal. The appeal was timely served.
The only issue the plaintiff raises is whether, the ZBA's decision to uphold, the determination of the ZEO on the issue of abandonment is proper. The plaintiff argues that in denying the application for conducting an auto sales and repair business, the ZBA acted illegally and arbitrarily and abused its, discretion in that: (1) the ZBA did not have sufficient evidence before it to reach its conclusion; (2) the ZBA based its decisions on matters which cannot, support its conclusions as to zoning law; (3) the ZBA's conclusions were ones it could not reasonably reach upon the evidence before it; (4) the ZBA's action is contrary to law; (5) the board failed to state upon the record good legal and sufficient reasons and actually stated no reasons for its denial; and (6) the ZBA's action is tantamount to confiscation of the appellant's property without due process of law and, therefore, is an unconstitutional talking. CT Page 9671
DISCUSSION
A. AGGRIEVEMENT
Aggrievement is a prerequisite to maintaining an appeal. See Smith v. PZB, 203 Conn. 317, 321, 524 A.2d 1128
(1987). The owner of property subject to the ZBA's decision is aggrieved. See, Bossert Corp. v. Norwalk, 157 Conn. 279,285, 253 A.2d 39 (1968).
The plaintiff as owner of the subject property is aggrieved and can maintain this appeal.
B. BURDEN OF PROOF; SCOPE OF JUDICIAL INQUIRY
The plaintiff bears the burden of proof to demonstrate that the board acted improperly. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707, 535 A.2d 799
(1988).
An "agency's factual and discretionary determinations are to be accorded considerable weight by the courts." Levinson v. Board of Chiropractic Examiners,211 Conn. 508, 521, 560 A.2d 403 (1989). "Conclusions reached by [a local board] must be upheld by the trial court if they are reasonably supported by the record. . .The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached." Primerica v. Planning Zoning Commission, 211 Conn. 85, 96, 558 A.2d 646 (1989).
C. ABANDONMENT OF NONCONFORMING USES
"In the first instance, it is the board, as the trier of fact, which must determine whether a nonconforming use is in existence at the time for an application" for, a change in the status of that use. Point O'Woods Assn., Inc. v. Zoning Board of Appeals, 178 Conn. 364, 369, 423 A.2d 90
(1979). "The temporary interruption or suspension of a nonconforming use without substitution of a conforming one or such a definite and substantial departure from previously existing conditions and uses as to signify abandonment of the later, does not terminate the right to resume them." Id. 369, quoting Lehmaier v. Wadsworth, 122 Conn. 571, 576, CT Page 9672191 A. 539 (1937). "[T]he mere discontinuance in use where there is no intent to abandon does not terminate a valid nonconforming use." Friedson v. Westport, 181 Conn. 230,234, 435 A.2d 17 (1980).
In the instant case, the ZBA found an intent to abandon based on evidence presented on the record that: (1) no public business being conducted on the site; (2) no payment of personal property taxes for two years; (3) a request and approval of a site plan on March 15, 1988 for a purpose other than the nonconforming use; (4) the physical condition of the property indicates that no business is being conducted; and (5) no current business license for the site. (ROR #35).
Based on these factual findings, the ZBA's decision that the previous nonconforming use has been abandoned is reasonably supported by the record.
D. THE TAKING CLAIM
"Inverse condemnation or a constitutional taking may be complete without an actual, physical appropriation of property. . .when property cannot be utilized for any reasonable and proper purpose, as where the economic utility of the property has, for all practical purposes, been destroyed. . ." White v. Shugrue, 178 Conn. 710, 713,425 A.2d 549 (1979). Notwithstanding, "a mere decrease in the total value of the property does not indicate there has been a taking; property may be subject to reasonable restraints that do not constitute a taking." Manor Development Corp. v. Conservation Commission, 180 Conn. 692, 695-96, 433 a.2d 999 (1980).
In the instant case, the subject property has been approved for business offices. (ROR #22). This is only one of several other permitted uses of the land. (ROR #25, Groton Zoning Regulations 3.2). Therefore, the ZBA's denial has not affected a taking of the plaintiff's property.
CONCLUSION
First, the court upholds the ZBA's determination that a previous nonconforming use on the subject property has been abandoned on the ground that said determination was CT Page 9673 reasonably supported by the record.
Second, the ZBA's decision does not amount to a taking of the plaintiff's property. Therefore, the plaintiff's confiscation claim is not supported by the record.
The appeal is hereby dismissed.
Hurley, J.