[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
By complaint dated July 8, 1994 the plaintiffs, Raymond Orsi and Nancy Orsi instituted this action against the Commissioner of the Department of Children and Families (DCF). The plaintiffs seek CT Page 8628 an order of Mandamus compelling DCF to proceed with a removal hearing and a temporary injunction preventing DCF from conducting any license revocation proceedings against the plaintiffs pending the outcome of this action and the removal hearing. The defendant has filed a Motion to Dismiss this action on the grounds that this court lacks subject matter jurisdiction.
The plaintiffs operate a Permanent Family Residence, licensed by the defendant pursuant to Connecticut General Statutes §§ 17a-154
and 17a-155, for the purpose of "providing permanent care to handicapped children in a home environment and family setting. . . ." Connecticut General Statutes § 17a-154.
Abraham R. and Antwan N. are two children in the care and custody of DCF. On February 11, 1994 the Commissioner of DCF (Commissioner) removed those children from the plaintiffs' facility pursuant to Connecticut General Statutes §§ 17a-98 and 17a-100[1] on the basis of complaints of child abuse in that facility. Thereafter, the plaintiffs requested a probable cause hearing and a removal hearing with a third party investigation. DCF held a probable cause hearing concerning the removal of the children pursuant to § 17a-98-4(a)(3) of the regulations of State Agencies.[2]
The plaintiffs were represented by counsel at the probable cause hearing and called witnesses to rebut the Commissioner's claims that Abraham R. and Antwan N. had been physically abused by the plaintiffs or their agents. The hearing commenced on February 25, 1994 and was completed on July 1, 1994. The hearing officer found that there was sufficient indication of imminent danger to have warranted the immediate removal of the children from the plaintiffs' facility.
The Commissioner denied the plaintiffs' request for a separate removal hearing pursuant to § 17a-98-4(c)(3)[3] of the Regulations of State Agencies. Proceedings in the Superior Court for Juvenile Matters concerning custody of Abraham R. and Antwan N. are pending in Hartford (Abraham R.) and Plainville (Antwan N.)
The plaintiffs' failure to exhaust their administrative remedies is the first ground advanced by the defendant in support of her Motion to Dismiss. "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction over the matter." Polymer Resources Ltd. v. Keeney,227 Conn. 545, 557, 630 A.2d 1304 (1993). CT Page 8629
The plaintiffs had several administrative avenues available to them. They could have requested a declaratory ruling from the Commissioner pursuant to Connecticut General Statutes § 4-176.
The Court in Polymer Resources held that the trial court should have dismissed the action because the plaintiff failed to seek a declaratory ruling from the Commissioner of Environmental Protection to determine whether the Commissioner had the authority to require the plaintiff to conduct certain testing procedures. The plaintiff argued that it was not required to seek a declaratory ruling pursuant to 4-176(a) because the Commissioner lacked statutory authority to require to it to conduct precontrol stack testing. The Court rejected that argument, holding that an agency has the right to determine in the first instance whether its actions comport with applicable statutes The Court stated:
 "[W]here there is in place a mechanism for adequate judicial review, such as that contained in [General Statutes] 4-183, it is the general rule that an administrative agency may and must determine whether it has jurisdiction in a particular situation. When a particular statute authorizes an administrative agency to act in a particular situation it necessarily confers upon such agency authority to determine whether the situation is such as to authorize the agency to act — that is, to determine the coverage of the statute — and this question need not, and in fact cannot, be initially decided by a court." (Internal quotation marks omitted.) Greater Bridgeport Transit District v. Local Union 1336, 211 Conn. 436, 439, 559 A.2d 1113 (1989); Cannata v. Department of Environmental Protection, 215 Conn. 616, 623, 577 A.2d 1017 (1990). Because Polymer could have appealed to the Superior Court pursuant to 4-183 from any adverse declaratory ruling by the commissioner concerning his authority to direct Polymer to conduct precontrol stack testing, Polymer was required to request such a declaratory ruling before seeking redress in court. 227 Conn. at 558.
In this case the plaintiffs claim that the Commissioner has failed to follow the regulations governing her agency in that she has not afforded them a removal hearing. Under the rule enunciated in Polymer Resources, the Commissioner must determine, in the first instance, whether she has deviated from the regulations of the agency. The plaintiffs should have sought a declaratory ruling on CT Page 8630 that issue from the Commissioner pursuant to Connecticut General Statutes § 4-176.
The plaintiffs have an additional administrative remedy available: they are entitled to a license revocation hearing pursuant to Connecticut General Statutes § 17a-151 and may appeal to the Superior Court from the decision resulting from that hearing pursuant to Connecticut General Statutes § 4-183.
The plaintiffs contend that the purpose of the exhaustion doctrine is to create an orderly adjudicatory process and that the process would be more orderly if the allegations of abuse as to Abraham R. and Antwan N. were disposed of at a removal hearing prior to the commencement of a license revocation hearing.
This Court does not agree that the procedure requested by the plaintiffs would create an orderly adjudicatory process. Holding a removal hearing to determine issues related to custody of children at the same time as the Superior Court for Juvenile matters is considering the same issues would constitute a complete waste of administrative resources. Any decision rendered by the administrative panel in the removal hearing would be superseded by the Superior Court's ruling on the same issue. More importantly, the effectuation of an orderly adjudicatory process is not a recognized exception to the exhaustion doctrine.
In Polymer Resources the Court reiterated the limited exceptions to the exhaustion doctrine:
 "There are some exceptions to the exhaustion doctrine, `although we have recognized such exceptions only infrequently and only for narrowly defined purposes.'" Pet v. Department of Health Services, 207 Conn. 346, 353, 542 A.2d 672 (1988), quoting LaCroix v. Board of Education, supra, 79. We have recognized that a party aggrieved by a decision of an administrative agency maybe excused from exhaustion of administrative remedies if: recourse to the administrative remedy would be futile or inadequate; Greenwich v. Liquor Control Commission, 191 Conn. 528, 541-42, 469 A.2d 382 (1983); the procedures followed by the administrative agency are constitutionally infirm; LaCroix v. Board of Education, supra; or injunctive relief from an agency decision is necessary to prevent immediate and irreparable harm; Pet v. Department of Health Services, supra, 370. CT Page 8631
227 Conn. at 561.
The plaintiffs claim that the available administrative remedies are futile and, therefore, they were not required to exhaust those remedies prior to bringing this action. The futility exception has been applied very narrowly. See, i.e., Greenwich v.Liquor Control Commission, supra (where party obtained requested relief from administrative agency, the was not required to pursue action in Superior Court for same relief); Corsino v. Grover,148 Conn. 299, 170 A.2d 267 (1961) (zoning regulations prohibited varying lot size in manner required by the plaintiff so appealing to zoning board of appeals would have been futile).
The plaintiffs claim that requesting a declaratory ruling concerning their right to a removal hearing would have been futile because "DCF has acted in an obstinate manner, failing to enforce its own regulations in good faith." However, the mere conclusory assertion that an agency will not reconsider a decision does not excuse compliance with the exhaustion requirement. HousingAuthority v. Papandrea, 222 Conn. 414, 430-32, 610 A.2d 637 (1992);Lacroix [LaCroix] v. Board of Education, 199 Conn. 70, 83-84,505 A.2d 1233 (1986); Polymer Resources, supra, at 562. The plaintiffs' argument that they need not have sought a declaratory ruling because it would have been futile to have done so is without merit.
The plaintiffs have failed to articulate any reason why their alternate administrative remedy, the license revocation hearing, should be excused by the futility exception to the exhaustion doctrine.
The court finds that the plaintiffs have failed to exhaust their available administrative remedies and that his action may be dismissed on that basis.
The defendant has advanced several alternate grounds in support of its Motion to Dismiss including the lack of a statutory basis permitting this court to review the administrative decision and sovereign immunity. The court finds that those grounds also support a dismissal of this action.
By seeking a mandamus and injunction against the Commissioner the plaintiffs are implicitly challenging and seeking an appeal of DCF's decision denying the plaintiffs' request for a removal CT Page 8632 hearing. This court has no jurisdiction to review an administrative decision absent an express statutory provision for such review.Lewis v. Gaming Policy Board, 224 Conn. 693, 699, 620 A.2d 780
(1993).
In Ardmare Construction Co., Inc. v. Freedman, 191 Conn. 497,467 A.2d 674 (1983), the Court determined that the trial court lacked subject matter jurisdiction over a bid appeal and was in error when it issued a mandamus order because there was no statutory basis for his "appeal" by mandamus from the loss of a bid. Similarly, in Lewis, supra, the Court considered whether the trial court had jurisdiction to review a state agency's decision to terminate an employee. In that case, the plaintiff's employment was terminated by the defendant agency. The plaintiff appealed from the termination proceedings before the agency. The defendants moved to dismiss the action on the ground that the Superior Court had no jurisdiction to hear the appeal because the termination proceedings before the agency did not constitute a "contested case" within the meaning of Connecticut General Statutes § 4-166(2).
Judicial review of an administrative decision is governed by Connecticut General Statutes § 14-183(a) of the Uniform Administrative Procedure Act (UAPA), which provides that "[a] person who has exhausted all administrative remedies . . . and who is aggrieved by a final decision may appeal to the superior court. . . ." A final decision is defined in § 4-166(3)(A) as "the agency determination in a contested case. . . ." A "contested case" is defined in § 4-166(2) as a "proceeding in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held. . . ." (Emphasis added.) The court held that "[a]lthough an agency rule, policy or regulation may require a hearing, that hearing will not qualify the proceedings as a contested case unless the agency is statutorily required to determine the legal rights or privileges of the party aggrieved in that proceeding." 224 Conn. at 704-705.
In this case the plaintiffs have no statutory right to an administrative removal hearing. Therefore, the Commissioner's decision to deny the plaintiffs such a hearing is not a contested case and this court cannot review that decision.
This action also must be dismissed because this court lacks subject matter jurisdiction by reason of the doctrine of sovereign immunity. The State is generally immune from suit. Barde v. BoardCT Page 8633of Trustees, 207 Conn. 59, 64, 539 A.2d 1000 (1988). Three exceptions to this principle have been recognized:
 (1) statutory waiver of sovereign immunity and legislative consent to suit, . . . (2) actions based on a substantial claim that the state has violated a constitutional right of the plaintiff; . . . and (3) actions based on a substantial claim that a state official has violated the plaintiff's rights by acting in excess of his statutory authority.
Tamm v. Burns, 25 Conn. App. 468, 470-471, 594 A.2d 1043 (1991). None of the foregoing exceptions apply in this case.
For the foregoing reasons, this action is hereby dismissed.
By the Court,
Aurigemma, J.