[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
Plaintiff brings this action by verified complaint, inter alia, for a temporary injunction but fails to stay what injunction relief it seeks. The court infers it may be to keep the sole defendant, State of Connecticut, from "the performance of the contract" which has been entered into with some unnamed third entity after completion of a bidding process. That entity is a necessary party to the injunction action. P.B. §§ 152 and 198. Plaintiff was a part of the bidding process but was not awarded the contract.
Defendant moves to dismiss because (1) plaintiff has no standing to sue; and (2) because the state has not waived its sovereign immunity.
I Standing
Unsuccessful bidders for public contracts such as this as a basic rule have no standing to sue. ArdmoreConstruction Co. v. Freedman, 191 Conn. 497, 501. There are exceptions to that rule. Spiniello Construction Co. v.Manchester, 189 Conn. 539 described those as follows:
 "[W]here fraud, corruption or favoritism has influenced the conduct of the bidding officials or when the very object and integrity of the competitive bidding process is defeated by the conduct of municipal officials," an unsuccessful bidder has standing to challenge the award. Id. 584.
Plaintiff's complaint alleges no fraud,[1] corruption or favoritism. It does not allege that the existence of any of those three items influenced the conduct of the bidding officials or might prove to have defeated the integrity of the bidding process.
Even in injunction actions the plaintiff is required to plead facts. P.B. § 108. Plaintiff has not alleged sufficient facts to prove it has standing.
II Sovereign Immunity
CT Page 11283
The State cannot be sued without its consent. Horton v. Meskill,172 Conn. 615, 623 (1977).
This is called the doctrine of sovereign immunity and is nicely explained in Textron, Inc. v. Wood, 167 Conn. 334, 340 (1974) as follows:
 [T]he doctrine of sovereign immunity from suit was originally premised on the monarchial, semi-religious tent that "the King can do no wrong." Borchard, "Government Liability in Tort", 34 Yale L.J. 1, 2. In modern times, it is more often explained as a rule of social policy, which protects the state from burdensome interference with the performance of its governmental functions and preserved its control over state funds, property, and instrumentalities. See, e.g., United States v. Lee, 106 U.S. 196, 206, 1 S.Ct. 240 27 L.Ed. 171; Block, "Suits against Public Officers and the Sovereign Immunity Doctrine," 59 Harv. L. Rev. 1060, 1061; Glassman v. Glassman, 309 n.y. 436, 131 N.E.2d 721. The public service might be hindered, it is believed, and the public safety endangered, if the supreme authority of the state could be subjected to suit at the instance of every citizen, and thereby controlled in the use and disposition of the means required for the proper administration of government. Fitts v. McGhee, 172 U.S. 516, 19 S.Ct. 269, 43 L.Ed. 535.
The court has recognized three exceptions to this doctrine. They are:
 (1) statutory waiver of sovereign immunity and legislative consent to suit; White v. Burns, 213 Conn. 307, 312, 567 A.2d 1195 (1985)' (2) actions based on a substantial claim that the state has violated a constitutional right of the plaintiff; Horton v. Meskill, 172 Conn. 615, 623-25, 376 A.2d 359 (1977); and (3) actions based on a substantial claim that a state official has violated the plaintiff's rights by acting in excess of statutory authority. Id.
Tamm v. Burns, 25 Conn. App. 468 at 470-71, rev'd on other grounds,222 Conn. 280 (1992). To cloak itself with one of these three exceptions plaintiff must plead facts which clearly demonstrate that CT Page 11284 an exception is applicable. Id. 471.
Plaintiff has not alleged facts which place the cloak of any one of the three exceptions.
Plaintiff has not alleged waiver of the doctrine by any legislation nor that the state consented to be sued.
Plaintiff does not claim a violation of any of its constitutional rights.
Plaintiff alleges no facts that any state official acted in excess of his statutory authority.
The allegations of the complaint are insufficient to evade the doctrine.
Motion to dismiss is granted.
N. O'Neill, J.