[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS OF DEPARTMENT OFENVIRONMENTAL PROTECTION AND PATRICK BOWE
Plaintiffs, Ezell C. Rose and David J. Rose, have brought this suit against the Department of Environmental Protection ("DEP") and its employee, Patrick Bowe, as well as the Connecticut Resource Recovery Authority and its employee, Christopher Recchia. The plaintiffs allege that they live in the vicinity of a landfill operated by the Connecticut Resource Recovery Authority and, as a result of burning of garbage at the facility causing fumes, odors and smells, plaintiffs have sustained injuries. The summons and complaint contain no allegations with respect to the participation of the DEP or its employee, Patrick Bowe, in the events which are alleged in the complaint. Said defendants move to dismiss the complaint as to them on the grounds that sovereign immunity bars the court's subject matter jurisdiction.
The court finds that the doctrine of immunity bars this action. The plaintiffs have failed to allege (1) a statutory waiver of sovereign immunity and legislative consent to suit; (2) a violation of a constitutional right of the plaintiff; or (3) that said defendant DEP was acting in excess of statutory authority. Tamm v. Burns, 25 Conn. App. 468, 470-71 (1991) rev'd on other grounds 222 Conn. 280 (1992). The court also CT Page 5931 finds that the plaintiffs have failed to exhaust administration remedies which might be available to them. Section 4-160(a) of the Connecticut General Statutes provides that the Claims Commission has the power to waive the state's sovereign immunity. That statute provides: "When the claims commissioner deems it just and equitable, he may authorize suit against the state on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable." The plaintiffs have made no allegation which would support a finding that recourse to the Claims Commission would be "futile or inadequate."Sullivan v. State, 189 Conn. 550, 559.
The court further finds that the suit against defendant Patrick Bowe, an employee of the Department of Environmental Protection, is in effect a suit against the state. Thus, the action against him is also barred by the doctrine of sovereign immunity. Sentner v. Board of Trustees, 184 Conn. 339, 342
(1981).
As an employee of the state, defendant Bowe has personal immunity pursuant to General Statutes § 4-165 which provides:
 "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter. . . ."
The Motion to Dismiss the complaint against the Department of Environmental Protection and its employee Pat Bowe is granted.
Allen, State Trial Referee