[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the Statement of Compensation made by the defendant in conjunction with his total condemnation, CT Page 804 pursuant to statute, of the plaintiff's property located in the Long Wharf area of the City of New Haven on the Northwesterly
side of Present. Brewery Street Extension. The property is about 800 feet long and about 70 feet wide at one end and 170 feet at the other. It is 1.737 acres in area. (75,653 square feet) Defendant's Exhibit B, p. 3; Plaintiff's Exhibit 2.
This property together with additional land located on thesouthwesterly side of Present Brewery Street Extension was part of a redevelopment of the area conducted by the City of New Haven in the 1960's. As such, when this property was first sold in 1965 the property and the purchaser were subject to and the beneficiary of numerous conditions, obligations, rights, covenants and agreements. All these items were reduced to writing, signed by all parties and recorded on the land records of the City of New Haven. These documents bound not only the original purchaser but also all successors in title and became a part of any deed transferring title to the land. So that, when the plaintiff purchased the property in question, it and the property were bound by all commitments made previously by its predecessor in title and the city of New Haven and made a part of the deed given to the plaintiff. Plaintiff's Exhibits 3, 4 and 5.
A brief history — the New Haven Redevelopment Agency was created and authorized under State Statute sand the order of the Board of Alderman of the City of New Haven. Plaintiff's Exhibit 4, p. 4(b). Municipal authorities have broad powers to effectuate redevelopment plans and their actions are not open to judicial review except where power granted in respect thereto are exceeded or exercised unreasonably or in bad faith. United OilCo. v. Urban Redevelopment Commission of Stamford, 158 Conn. 364,381. Further, a redevelopment agency may create a balanced integrated plan including not only new houses but also schools, churches, parks, streets and shopping centers. Fishman v. City ofStamford, 159 Conn. 116, 123, cert. denied, 90 S.Ct. 2197,399 U.S. 905, 26 L.Ed. 2nd, [L.Ed.2d], 560.
The Sales Comparison approach was used by the plaintiff's appraisers as being the only method of valuation appropriate for the situation. The plaintiff's appraiser, as instructed, prepared an appraisal based on a claim of a partial taking of the plaintiff's entire property. The result is a damage figure that reflect the difference in value of the entire property, in the opinion of the appraiser, before the taking and after the taking. CT Page 805
The defendant's appraisers submitted figures representing their opinion of the market value of the property of the plaintiff that was actually taken by the defendant.
The taken property is burdened by (1) a rail spur easement, (2) an easement for twin box culverts, and (3) easements for electric lines in favor of United Illuminating Co. and Southern New England Telephone. See, Exhibit 1, p. 4, Pictures 7 and 8. There is no evidence that the taken property was ever used by the plaintiff or its predecessors in title for any purpose at all in connection in the business conducted on the main parcel of plaintiff's property.
However, plaintiff's claim presents certain difficulties. To begin with, the taken property is separated from the rest of the plaintiff's property by a street — Present Brewery Street Extension.
Plaintiff's deed, Exhibit 5, incorporates the commitments made by the parties when the property was deeded to plaintiff's predecessor in title. Those commitments are set forth in Exhibits 3 and 4. On page 10 of Exhibit 4, the obligations of the City to build Present Brewery Street Extension is set forth. A map of construction is attached as Exhibit B. The Extension of Brewery Street was made on land reserved for that purpose by the parties Exhibit 3, p. 69 and built by the City of New Haven and maintained by it since that time. Section 210 of Exhibit 4 is entitled "City to Extend Brewery Street" and sets forth the obligation o the City of New Haven in that regard. A map of construction is attached to Exhibit 4 as B.
The plaintiff has the same right on Brewery Street or Brewery street Extension as any other traveler. Further, the plaintiff's predecessor, when it took title, as set forth in Exhibit 3, was well aware that a small portion of its property was to be separated from the rest of its property when Proposed Brewery Street Extension was constructed. And it was also aware of what that small property looked like and what easements and other burdens it had.
The taken property, since its purchase in 1965 by plaintiff's predecessor, to the present time, has never been used for anything by any of the plaintiff's predecessors in title or the plaintiff. CT Page 806
A number of years ago, a then owner of the property and the business located on it had some thoughts of expansion to the degree that he hired an architect to depict possibilities, reproduced in Exhibit 1 opposite page 25. It shows that the architect placed 21 parking slots on the taken property which appears to occupy something less than 1/3 of the total of its area. The sketch did not generate any further action regarding expansion by anyone either them or at any later time.
In Wright v. Shugove, 178 Conn. 710, the court, in a footnote at page 714, referred to the rule used to determine whether two tracts of land are separate and independent. "The question of whether certain pieces or parcels of land are to be considered "separate and independent for the purpose of determining entitlement to damages is generally held to be a question of fact for the trier. 4A Nichols, Eminent Domain (3rd Ed.) § 14-31. The major criteria considered in such a determination are physical contiguity, unity of ownership, and unity of use."
The term "contiguity" has been defined as follows: "In order to recover damages in an eminent domain proceeding from property not actually taken, it must appear that this and the condemned land are contiguous, that is, they are either physically joined as a single unit or so inseparably connected in use that the taking of one will necessarily and permanently injure the other."City of Chicago v. Equitable Life Assurance Soc., 8 Ill.2d 341,134 N.E.2d 296, 299 (1956), (emphasis added).
Prior to Wright our Supreme Court had occasion to consider the rule in Toffolon v. Avon, 173 Conn. 525, at p. 538. In that case the court was involved with the second element, unity of ownership. However as Nichols points out, recognition of the rule is not as widespread as in the past. This is apparently more prevalent where physical contiguity is concerned. 4A Nichols, Eminent Domain, 14B-05. While physical separation by an intervening space between two parcels may be a basis for holding the parcels to be independent of each other, it appears to be not a conclusive test. Integrated use, not physical contiguity, is the test. Cole Investment v. United States, 258 F.2d 203,204-205 (9th Cir. 1958). United States v. Honolulu, 182 F.2d 172,179 (9th Cir. 1950); See also, New Jersey Turnpike Auth. v.O'Neil, 133 N.J. Super 445, 337 A.2d 381, 383 (1975); Darlingtonv. Pennsylvania R. Co., 278 Pa. 307, 123 A. 284, 286 (1924).
In the instant matter, it appears that, while plaintiff's CT Page 807 predecessor in title, before it accepted the deed, knew that the taken parcel would be separated from the main parcel by Proposed Brewery Street Extension, it also knew that the taken parcel was burdened with easements that extensively limited its usefulness. Exhibit 4, p. 10.
There was never an actual or permanent use made of the taken parcel by the plaintiff or any of its predecessors in title.
There was never an actual or permanent use made of the taken parcel by the plaintiff or any of its predecessors in title andshared with the main parcel and the court so finds. The court, further, finds that there was never a unitary purpose common to both parcels.
Consequently, no damage has been suffered by the properties of the plaintiff in the fashion claimed. Baetjer v. UnitedStates, 143 F.2d 391 (1st Cir. 1944).
As pointed out earlier, the plaintiff's claim of damages was based on a claim of a partial taking of a portion of its property. It's appraiser testified and his report is marked in evidence as Exhibit 1. Page 1 (unnumbered) of that report states its purpose to be "its estimate the market value of the fee simple interest in the subject real estate as of October 13, 1995 both before and after the taking of 75,683 square feet of land area by the State of Connecticut."
Nowhere in the testimony offered or in documents submitted is there a value of the actual parcel taken by the defendant and described in the notice of condemnation and in the appeal. Any testimony as to value by the plaintiff's appraiser concerning the taken parcel is so entwined with that on the value of the plaintiffs main property as to be of no help to this court.
The court finds that the plaintiff is not aggrieved by the statement of compensation filed by the defendant and no revision of said statement is warranted, the appeal is dismissed.
Harold M. Mulvey Judge Trial Referee CT Page 808