[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT STATE OF CONNECTICUT'S MOTION TO DISMISS
This is an action in negligence for personal injuries brought by Philomena Collins and on behalf of her two minor children, Vernon Brown and Alyssa Collins, based on their alleged exposure to lead-based paint while residing at 53 Pearl Street, Norwich, Connecticut, from August, 1992, to December, 1992. The complaint alleges that on August 3, 1992, the plaintiff Philomena Collins was granted a certificate of family participation in the Rental Assistance Program (RAP), a state program administered locally by the City of Norwich and one Fred Feldman, and that through the RAP, Philomena Collins identified the Pearl Street apartment and moved into it.
The State of Connecticut[1] is named as a defendant in the fourth count only, which alleges negligent administration of the RAP in connection with plaintiffs' occupancy of the Pearl Street premises. The State has moved for dismissal of this count against it on the ground of sovereign immunity.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "Jurisdiction over the person, jurisdiction over the subject-matter, and jurisdiction to render the particular judgment are three separate elements of the jurisdiction of a court." Bridgeport v. Debek, 210 Conn. 175, 179, 554 A.2d 728
(1989). Practice Book § 143 provides that "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." Sadlowski v. Manchester, 235 Conn. 637,645-46 n. 13, 668 A.2d 1314 (1995). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question CT Page 12149 belong . . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996).
The plaintiffs first raise two procedural arguments in opposition to the state's motion: that the motion was not filed within 30 days after the state's appearance and that it was filed after a default had entered against the state. However, as the state argues, sovereign immunity can be raised at any time because it implicates subject matter jurisdiction. "As we have stated many times before, the doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss . . . . It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court . . . . Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction . . . . The point has been frequently made." (Citations omitted; internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Peabody,N.E. Inc., 239 Conn. 93, 99, 680 A.2d 1321 (1996). Thus, neither the timing of the motion to dismiss nor the entry of the default[2] bar the court's consideration of the substantive claim of sovereign immunity.
There are three exceptions to the settled doctrine that the state is immune from suit under the doctrine of sovereign immunity: (1) an action where there is a statutory waiver of sovereign immunity and legislative consent to suit; see Lacassev. Burns, 214 Conn. 464, 468, 572 A.2d 357 (1990); (2) an action based on a substantial claim that the state has violated a constitutional right of the plaintiff; see Horton v. Meskill,172 Conn. 615, 623-25, 376 A.2d 359 (1977); and (3) an action based on a substantial claim that a state official has violated the plaintiff's rights by acting in excess of his statutory authority. See Antinerella v. Rioux, 229 Conn. 479, 488,642 A.2d 699 (1994).
In an effort to fall within these exceptions, the plaintiffs have made two substantive claims. First, they claim that immunity has been waived by the statutory scheme enabling the RAP. Second, they claim that the acts of the state or its agent were either unconstitutional or unauthorized; and, with respect to this CT Page 12150 claim, they maintain that they should be allowed to prove at trial that their claims fall within these exceptions to the doctrine of sovereign immunity. However, the law requires that the complaint clearly allege facts showing an exception is applicable. See Tamm v. Burns, 25 Conn. App. 468, 491,594 A.2d 1043 (1991); Barde v. Board of Trustees, 207 Conn. 59, 64,539 A.2d 1000 (1988). Moreover, "[a] motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). Thus, the plaintiffs request to defer consideration until they may produce proof is of no avail.
The plaintiffs' first claim is that General Statutes §17b-812, which directs the Commissioner of Social Services to "implement and administer a program of rental assistance for low-income families," impliedly waives the state's immunity from suit for the negligent administration of the Norwich RAP. Specifically, the plaintiffs argue that General Statutes §17b-812 (b), which states that "[h]ousing eligible for participation in the program shall comply with applicable state and local health, housing, building and safety codes," contains an implied waiver of sovereign immunity because they claim it imposes an affirmative duty on the state to provide them with safe and healthy premises, the breach of which is actionable negligence.
"The state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed `by the use of express terms or by force of a necessary implication.' Baker v. Ives, [162 Conn. 295, 298, 294 A.2d 290
(1972)]." Duguay v. Hopkins, 191 Conn. 222, 228, 464 A.2d 45
(1983). See Lacasse v. Burns, supra, 214 Conn. at 468; Struckmanv. Burns, 205 Conn. 542, 558, 534 A.2d 888 (1987). Thus, the court is required to look at the statute initially to determine whether it grants the state's consent to suit by its express terms. See Federal Deposit Ins. Corp. v. Peabody N.E., Inc.,supra, 239 Conn. at 102. Nothing in the express language §17b-812 (b), or, indeed, the entire statute, provides for a right of action against the state.
Moreover, this statute does not waive sovereign immunity by implication. When it is claimed that a statute is ambiguous, a court must determine the legislature's intent by looking "to the words of the statute itself; the legislative history and circumstances surrounding the enactment of the statute; and the CT Page 12151 purpose the statute is to serve." (Citations omitted.) Rhodes v.Hartford, 201 Conn. 89, 93, 513 A.2d 124 (1986). The court has already concluded that the statute's language does not express any intention to waive sovereign immunity. The plaintiffs have not provided any legislative history expressing this intention and have not provided any judicial decision interpreting the statute in this way. The statute's stated purposes — to use rental assistance "to encourage the preservation of existing housing and the revitalization of neighborhoods or the creation of additional rental housing," § 17b-812 (c), and "to promote housing choice for certificate holders and encourage racial and economic integration," § 17b-812 (d), — express no intention to hold the state monetarily liable for the alleged negligent administration of the program.
"Where there is any doubt about the meaning or intent of a statute in derogation of sovereign immunity, it is given the effect which makes the least rather than the most change in sovereign immunity." (Citations omitted; internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Peabody,N.E,. Inc., supra, 239 Conn. at 102. The cited language cannot be read to mean, nor is there any indication that the legislature intended it to mean, that the state be held responsible for the negligent administration of the rental assistance program.
The plaintiffs next argue that they should be allowed to prove the state's actions, through its agent, were either unconstitutional or unauthorized. "[S]overeign immunity does not bar suits against state officials acting in excess of their statutory authority . . . or in violation of constitutional rights." (Citations omitted; internal quotation marks omitted.)Savage v. Aronson, 214 Conn. 256, 264, 571 A.2d 696 (1990).[3]
In the context of a motion to dismiss, the court is required to examine the complaint to determine whether the plaintiffs have alleged sufficient facts to support a conclusion that the state or its agent acted unconstitutionally, Barde v. Board ofTrustees, supra, 207 Conn. at 64; or in excess of statutory authority. Antinerella v. Rioux, supra, 229 Conn. at 489.
Here, the plaintiffs have not alleged any facts that would support a claim of unconstitutional or unauthorized acts. Read broadly and realistically, id. at 490, the complaint against the state is simply that its alleged agent, Fred Feldman, a representative of RAP, was negligent in performing his alleged authorized statutory duties by allowing the plaintiffs to occupy the Pearl Street premises for several months before he inspected CT Page 12152 them and by failing to notify them promptly when he determined a lead hazard existed. This alleged negligence did not compromise any constitutional right of the plaintiffs and it did not exceed any statutory authority of Mr. Feldman.
On the face of the complaint in this case, the plaintiffs have failed to demonstrate that any exception to the doctrine of sovereign immunity applies to the claim against the State of Connecticut in the fourth count. Accordingly, the motion to dismiss is granted.
LINDA K. LAGER, JUDGE