[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an action seeking monetary damages from a state police officer for negligently seizing the plaintiffs automobile and depriving him of its use for almost three years.
The defendant, has moved to dismiss the plaintiffs' complaint based on sovereign immunity and failure to exhaust administrative remedies.
It is well established that the state and its officers or agents are immune from suit unless appropriate legislation provides consent to be sued, subject to certain exceptions. See,Federal Deposit Ins. Corp. v. Peabody, N.E. Inc., 239 Conn. 93,101 (1996); Antimerella v. Rioux, 229 Conn. 479, 487-88, (1994);Tamm v. Burns, 25 Conn. App. 468, 470-71, (1991), rev'd,222 Conn. 280, 283, (1992).
In addition, General Statutes § 4-165, provides in part "[n]o state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment," and "[a]ny person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of" General Statutes §§ 4-141 et seq.
In response to the defendant's motion to dismiss, the plaintiffs rely solely on Binette v. Sabo, 244 Conn. 23, (1998), claiming that "there is a constitutional tort cause of action which the plaintiffs can claim under the facts of this case which protects them" from the alleged actions of the defendant.
While Binette v. Sabo purportedly establishes an independent, private constitutional cause of action for money damages, neither the opinion or plaintiffs' argument addresses the question whether the doctrine of sovereign immunity shields the defendant from such liability or whether the plaintiffs must first have filed a claim for damages with the claims commissioner under General Statutes §§ 4-141 et seq. Indeed, Binette v. Sabo
involved a suit against municipal police officers, to whom the protections of sovereign immunity and General Statutes §4-165 do not apply. CT Page 4122
The plaintiffs in opposing this motion to dismiss, fall to make any other arguments to bar application of the doctrine of governmental immunity to this case, such that present action falls within any recognized exception such as reckless, wanton or malicious behavior of defendants or any of the other exceptions under General Statutes § 4-165.
Since plaintiff has failed to allege, and it does not appear, that permission to sue has been granted by the Claims Commissioner, this court has no jurisdiction to consider this monetary claim against state officers.
Motion to dismiss is granted.
Jerry Wagner Judge Trial Referee